ANNA A. MORRELL, as Administratrix, etc., appellant, *v.* BENJAMIN R. PECK et al., as Commissioners of Highways, etc., Respondents.

In an action against highway commissioners for negligence in not guarding one side of a bridge by a railing, in consequence whereof M., plaintiff's intestate, fell from the bridge and was injured, plaintiff offered to show that they erected a railing the day after the accident; this was not offered generally, but for the expressed purpose of proving, first, that defendants exercised control over the bridge; second, that they had sufficient funds at the time of the accident to construct the railing; the court received it when offered for the first of these declared purposes, but reserved the question as to its competency for the second purpose until the evidence was closed; it was then decided, the case stating that the evidence "was allowed and considered upon the question of defendants' negligence," and exception was taken. *Held*, that the ruling was, not that the evidence was competent upon the issue of negligence generally, but only that it was admissible for the purpose so expressed; and that the ruling was not error.

M. was walking in the traveled part of the highway, in the evening, he encountered a loaded team upon the bridge, and stepping one side to let it pass, fell from the unprotected side of the bridge. It appeared that the other side was protected by a railing, and there was on that side a walk across the bridge for foot passengers; there was evidence that this was drifted and obstructed by snow, icy and slippery. *Held*, that it was not negligence *per se* to walk in the traveled track or on the exposed side of the bridge; but that the question of contributory negligence was one of fact, which having been decided against defendants, could not be reviewed here. *Morrell* v. *Peck* (24 Hun, 37), reversed.

(Argued March 7, 1882 ; decided March 21, 1882.)

APPEAL from order of the General Term of the Supreme Court, in the third judicial department, made February 11, 1881, which reversed a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury. (Reported below, 24 Hun, 37.)

This action was brought, originally, by Henry Morrell, the present plaintiff's intestate, against defendants, as commissioners of highways of the town of Waterford, Saratoga county, to recover damages for injuries alleged to have been caused by his falling from a bridge in said town.

The court found in substance that the southerly side of the bridge was, on March 18, 1879, the time of the accident, without any guards or railing to protect passengers, and had been knowingly and negligently left so by defendants; that plaintiff, who was walking in the traveled track of the highway, in the evening, encountering a loaded team on the bridge, stepped aside to allow it to pass, and in so doing, without negligence or fault on his part, fell over the unprotected side of the bridge and was injured; that defendants had in their hands at the time moneys sufficient to repair said bridge by erecting sufficient guards, etc.

The further facts material to the questions discussed are stated in the opinion.

*E. Countryman* for appellant. The court properly received evidence to show, that the morning after the accident a railing was put on the south side of the bridge. (2 Wharton on Evidence, § 1081; *Westfall* v. *Erie R. Co.*, 5 Hun, 75, 77; *Masterson* v. *N. Y. C. & H. R. R. R. Co.*, 84 N. Y. 252; *Dale* v. *Lack. & W. R. R. Co.*, 75 id. 472; *Harvey* v. *N. Y. C. & H. R. R. R. Co.*, 19 Hun, 556, 559; *Bregham* v. *Great Western R. R. Co.*, 34 Barb. 260, 276; *Penn. R. R. Co.* v. *Henderson*, 51 Penn. St. 315, 320; *Westchester, etc., R. R. Co.* v. *McEllwee*, 67 id. 311, 314; *McKee* v. *Bidwell*, 74 id. 218, 225; *Bradman* v. *Conway*, 126 Mass. 374; *Sewell* v. *Cohoes*, 75 N. Y. 45, 54; *S. C.*, 11 Hun, 626, 630; *Folsom* v. *Underhill*, 36 Vt. 580, 588; *Manderschid* v. *Dubuque*,

29 Iowa, 74.) The defendants were clearly guilty of negligence if they had funds to enable them to repair the bridge. (*Hover* v. *Backhoof*, 44 N. Y. 113 ; *Hines* v. *Lockport*, 50 id. 236; *Robinson* v. *Chamberlain*, 34 id. 389; *Lamont* v. *Haight*, 44 How. 1 ; *Bostwick* v. *Barlow*, 14 Hun, 177 ; *Weed* v. *Ballston Spa*, 76 N. Y. 329 ; 2 R. S. [6th ed.] 136, § 1, subd. 4 ; *Gillespie* v. *Newburgh*, 54 N. Y. 468 ; *Hyatt* v. *Rondout*, 44 Barb. 385 ; 41 N. Y. 619 ; *Palmer* v. *Andover*, 2 Cush. 600 ; *Hayden* v. *Attleborough*, 7 Gray, 338 ; *Norris* v. *Litchfield*, 35 N. H. 271 ; *Houfe* v. *Fulton*, 29 Mis. 296 ; *Baldwin* v. *Turnpike Co.*, 40 Conn. 238 ; 2 R. S. [6th ed.] 137, §§ 6, 7 ; Laws of 1832, p. 480, chap. 274, §§ 1, 3 ; Laws of 1857, chap. 615, § 1 ; *Matthews* v. *Crawford*, 36 Barb. 564 ; *Barber* v. *Loomis*, 6 Hill, 462 ; *People* v. *Town Auditors*, 75 N. Y. 316 ; *Lament* v. *Haight,* 44 How. 1 ; *People* v. *Town Auditors*, 74 N. Y. 311.) Whether the plaintiff was guilty of contributory negligence was a question of fact. (*Hart* v. *Hudson River Bridge*, 80 N. Y. 622 ; *Weed* v. *Ballston Spa*, 76 id. 329 ; *Driscoll* v. *Mayor of New York*, 11 Hun, 101 ; *Houfe* v. *Fulton*, 29 Wis. 297.) A misapprehension or mistake of judgment including sudden peril does not bar a recovery. (*Dyer* v. *Erie R. Co.*, 71 N. Y. 228 ; *Twomley* v. *Central Park, etc., R. R. Co.*, 39 id. 158.)

*J. S. L'Amoreaux* for respondents. The plaintiff was bound to prove he did not contribute to the injury of which he complained. (*Warner* v. *N. Y. C. R. R. Co.*, 44 N. Y. 471 ; *Grippen* v. *N. Y. C. R. R. Co.*, 40 id. 51 ; *Baker* v. *Savage*, 45 id. 191 ; *Hart* v. *H. R. B. Co.*, 84 id. 56.) The fact of the accident raised no presumption of negligence against the defendants. (*Losee* v. *Buchanan*, 51 N. Y. 476 ; *Curran* v. *W. C. & M. Co.*, 36 id. 156.) The findings and refusal to find were errors of law reviewable in this court. (*Whitlock* v. *Hay*, 58 N. Y. 484 ; *Mason* v. *Lord*, 40 id. 476 ; *Wegeman* v. *Childs*, 41 id. 159.) By undertaking to travel in an unauthorized place in the night time with defective sight, plaintiff has established his want of care and contribu-

tory negligence. (*Baker* v. *Savage*, 45 N. Y. 194, 195; *Durkin* v. *The City of Troy*, 61 Barb. 437, 454, 455; *Clancy* v. *Byrne*, 58 id. 449, 452; *Stevens* v. *O. & S. R. R. Co.*, 18 N. Y. 422; *Carolus* v. *Mayor of New York*, 6 Bosw. 15.) The proof that defendants erected a rail on the south side of the bridge in question after the accident was immaterial and improper. (*Dougan* v. *C. T. Co.*, 56 N. Y. 1, 8; *Baird* v. *Daly*, 68 id. 547; *Salters* v. *D. & H. C. Co.*, 3 Hun, 338, 341; *King* v. *N. Y. C. R. R. Co.*, 4 id. 769, 776; *Payne* v. *T. & B. R. R. Co.*, 9 id. 526.) The defendants were under no obligation to erect or maintain a guard or rail on the south side of the bridge in question. (*Hyatt* v. *Trustees of Rondout*, 44 Barb. 321.) Commissioners of highways are not liable for the repair of roads and bridges in their town, unless they have funds in their hands with which to make such repairs. (*Garlinghouse* v. *Jacobs*, 29 N. Y. 297; *Hover* v. *Barkerhoof*, 44 id. 113; *People* v. *Adsit*, 2 Hill, 619; *Baker* v. *Loomis*, 6 id. 463; 1 R. S. 502, § 4; *Hartwell* v. *Root*, 19 Johns. 345; *Nelson* v. *Eaton*, 26 N. Y. 410, 415; *People* v. *Snyder*, 41 id. 402.)

Finch, J. The judgment at the Circuit in favor of the plaintiff was reversed by the General Term, solely for the reason that evidence was admitted against defendants' objection, of the erection of a railing along the south side of the bridge the day after the accident, and was considered upon the question of negligence. The evidence was offered by the plaintiff, not generally, but for two purposes only which were explicitly stated. These were to show that the defendants exercised control over the bridge, and that they had sufficient funds at the time of the accident to pay for the protection constructed the next day. The court received it, when offered, for the first only of these purposes, adding: "I do not receive it for the purpose of showing negligence, whether it is any evidence that they had funds." The expression here is to be noticed in view of what happened at the close of the case. The defendants could not be charge-

able with negligence for omitting to do what they had no means of doing, and their negligence neither existed nor could be proven unless they had funds in their hands. The court, therefore, used the expression, "negligence," as applicable only to their having funds, and not in its broader and more general sense. All through the discussion which followed, this was understood, and no misapprehension is apparent. The plaintiff insisted that the fact would warrant an inference of the possession of sufficient funds by the defendants. The latter denied it, and the court did not at once decide but held the question open. The learned judge said: "What I mean to say is this: I can't decide this case till the evidence is all in, and when it is submitted to me the question arises, did the commissioners have funds? And then I shall be asked to consider, for the first time, the *effect* of this evidence now offered; perhaps it will convince my mind that they had funds, and perhaps it will not." The result of the whole debate, and of the final ruling, was, that the evidence was admitted to show the defendants' control, but whether it tended also to show that the defendants were negligent, by reason of the possession of funds, was a question reserved until the evidence should be all in. When that time arrived the question reserved was decided. The case says that the evidence in question was *allowed* and considered upon the question of defendants' negligence, and exception was taken by the defendants. It is now claimed that the evidence offered was admitted and considered as bearing upon the issue of negligence generally, and so error was committed. (*Dougan* v. *C. T. Co.*, 56 N. Y. 1; *Baird* v. *Daly*, 68 id. 547.) We do not think that is a just construction of the ruling. No such question had been presented, and no such claim made. We are not to presume that the learned judge volunteered to decide a question not in the case, and which nobody had raised. We are to presume that the question which he decided at the close of the case was the question which was raised, and which he reserved until that point of time. The counsel who tried his case carefully, and expressly guarded himself against the risk now sought to be put upon him, ought not to

be subjected to it upon a mere technical construction, plainly not intended. What was not offered in evidence cannot properly be said to have been "allowed," and the sense in which the learned judge used the word "negligence" is made quite apparent by his previous use of the same word as referring only to the possession of funds by the commissioners. We think, therefore, there was no error in the ruling at the Circuit, and it becomes unnecessary to consider the question argued at the bar, whether the evidence was admissible generally upon the question of negligence.

The respondent further insists that upon the facts the injured party was guilty of contributory negligence, and for that reason the reversal by the General Term should be sustained. We do not think that can be said as a conclusion of law. Although the walk across the bridge specially adapted to foot passengers was on the north side of the bridge and protected by a railing, it was not necessarily negligence to cross it on the other side. There was evidence that the northern sidewalk was drifted and obstructed by snow so as to turn passengers into the wagon track, or to the south side of the road, and that the walk on the north side of the bridge was icy and slippery. Under the circumstances the question of contributory negligence was one of fact, and having been found against the defendants, cannot here be reviewed.

The order of the General Term should be reversed and that of the Circuit affirmed, with costs.

All concur, except ANDREWS, Ch. J., absent.

Ordered accordingly.