JAMES GOODFELLOW, Appellant, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

A municipal corporation charged with the duty of keeping its streets in safe condition for travel does not discharge its whole duty by simply instructing its subordinates to ascertain the facts and report.  If a defect

exists, which is in fact dangerous, the opinion of such subordinates that it is not, and a consequent failure on their part to report it, is not a defense against a charge of negligence in not repairing it.

In an action to recover damages for injuries alleged to have been caused by defendant's negligence in omitting to repair a crosswalk on one of defendant's streets, plaintiff's testimony tended to show that a stone in the walk had been out of place for over a year ; the stone was five feet long and two feet wide ; the grade of the crosswalk was about half an inch to the foot ; the north-west corner of the stone was on the level ; at the south-east corner it was eight inches, and at the south-west, five inches below the level. The city had passed an ordinance requiring the policemen on duty to inspect crosswalks ; this walk had been inspected and the policemen testified that they observed nothing dangerous, and did not report. *Held,* that the facts were sufficient to charge the city with notice of the defect ; that the passage of the ordinance and the failure of the policemen to report did not shield the city ; that the irregularity in the crosswalk was not so slight as to make the question of negligence in omitting to repair, one of law ; but that it was one of fact for the jury ; and therefore that a nonsuit was error.

(Argued June 3, 1885 ; decided October 6, 1885.)

Appeal from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made February 4, 1884, which affirmed a judgment in favor of defendant, entered upon an order dismissing plaintiff's complaint on trial.

This action was brought to recover damages for injuries alleged to have been caused by defendant's negligence.

Plaintiff, in crossing a street in the city of New York, upon a crosswalk, fell and was injured; one of the stones of the crosswalk was and had been for over a year misplaced, and this occasioned the accident.

The further material facts appear in the opinion.

*B. F. Mudgett* for appellant. It must be conceded in determining the correctness of the nonsuit in this action that the crosswalk complained of was in a dangerous condition, and that the plaintiff was injured in consequence thereof. (*Rehberg v. Mayor, etc.,* 91 N. Y. 151.) The city had actual notice of the condition of the crosswalk by notice to the police officers

on duty and to the officers called by defendants. (91 N. Y. 143.)

*D. J. Dean* for respondent. The city is not an insurer against accident of all persons using the streets. (Dill. on Mun. Corp., §§ 10, 15; *Ring* v. *Cohoes*, 77 N. Y. 86; *McMahon* v. *Second Ave. R. R.*, 75 id. 236.) In order to establish actionable negligence, the plaintiff must prove a condition of unsafety so evident and notorious that it was neglect not to have discovered the dangerous condition and procured the amendment thereof. (*Masterson* v. *Mt. Vernon*, 58 N. Y. 394; *Smith* v. *Mayor, etc.*, 66 id. 295; *McCarthy* v. *Syracuse*, 46 id. 197; *Hume* v. *Mayor, etc.*, 47 id. 646; *Griffin* v. *Mayor, etc.*, 5 Seld. 456; *Mayor, etc.*, v. *Sheffield*, 4 Wall. 189; *Hart* v. *Brooklyn*, 36 Barb. 227; 2 Thomp. on Neg. 762; Dill. on Mun. Corp., § 797.) The city cannot be held liable for the inclination or sloping of the stone in the crosswalk in accordance with the plan upon which all crosswalks are constructed, which requires them to slope in a gradual ascent from the gutter to the center of the street, in conformity to the adjacent street pavement. (*Urquhart* v. *Ogdensburg*, 91 N. Y. 67; *Mills* v. *Brooklyn*, 32 id. 489.) If there was any ice upon the stone it could only have been that which was formed by the congealing of the dampness remaining thereon from the rain, and frozen after nightfall; and for this the city would not be liable for damages, since its existence was unavoidable, and not the consequence of neglect by its officers. (*Levy* v. *Mayor, etc.*, 1 Sandf. 467.) A verdict in favor of the plaintiff, finding the defendants guilty of negligence upon the proof herein, would be set aside as against the evidence; the issue of negligence was, therefore, properly decided by the court, and should not be submitted to the jury. (*Wilds* v. *H. R. R. R. Co.*, 24 N. Y. 413; *Toomey* v. *R. R. Co.*, 91 Eng. C. L. 148; *Davis* v. *Third Ave. R. R. Co.*, 41 Super. Ct. 35; *Ryan* v. *Thompson*, 38 id. 133.)

RAPALLO, J. The nonsuit was not granted on the ground that the evidence failed to show that the crosswalk, on which

the plaintiff fell, was in a dangerous condition. The trial judge held that the facts of the accident having happened, and of the crosswalk being in a dangerous condition, were not sufficient to render the city liable ; that notice of the dangerous condition of the walk and the omission of reasonable care to repair it were essential, and the nonsuit was placed upon the ground that the city had passed an ordinance requiring the policemen on duty to inspect crosswalks ; that such inspection had been made, embracing the particular crosswalk in question, and the policemen testified that they observed nothing dangerous and reported nothing to the city. From these facts the learned court drew two conclusions : First, that the city did not have notice of the dangerous condition of the crosswalk ; and, secondly, that it took all the care corporations could take, by instructing its subordinates to ascertain what the facts were and report.

We cannot accede to this view of the law. The displacement of the stone on which the plaintiff fell had continued such a length of time that notice of the defect might, on that ground, have been imputed to the defendant, but its subordinates, charged with the duty of inspection, also had actual notice of the defect, and their failure to report cannot shield the city. Neither is their opinion that the defect did not render the crosswalk dangerous any defense against the charge of negligence in not repairing it, if it was in fact dangerous. That was a question to be determined by the jury and not by the opinion of the policemen, and their failure to observe its dangerous condition, if in fact it existed and was apparent, is not a defense to the city. Neither can we accede to the doctrine that the city performs its whole duty in respect to keeping the streets in safe condition for travel by instructing its subordinates to ascertain the facts and report.

On the argument in this court the counsel for the city endeavored to sustain the nonsuit on the ground that the displacement of the stone was so slight that the jury would not have been warranted in finding as matter of fact that it ren-

dered the crosswalk unsafe, and a verdict to that effect could not have stood.

On this point there is a serious conflict in the evidence. The displaced stone was five feet long by two feet wide. The regular grade of the crosswalk was such that there was a rise of seven inches in the center. The length of the walk being thirty feet, this grade caused a fall on each side of seven inches in fifteen feet, or about half an inch to the foot. According to the testimony on the part of the defendant, this stone sloped toward the south two and eight-tenth inches on the westerly side and four and one-half inches on the easterly side, from the highest point. But according to the testimony on the part of the plaintiff the depression of the stone below the level was eight inches at the south-east corner and five inches at the south-west corner, the north-west corner being on the level. Whether these irregularities were sufficient to render the walk unsafe, and call for repairs, was not a question of law which the court below undertook to decide, nor which we will now undertake to decide. There may be cases of irregularity in the pavements of streets so slight that the court would be justified in holding that it was not negligence on the part of the city to omit to repair them, or that the evidence of negligence was too slight to submit to a jury. But, taking the testimony on the part of the plaintiff, we cannot so hold in the present case. In *Clemence* v. *Auburn* (66 N. Y. 334) there was a depression of six inches in three and one-half feet in a stone in the sidewalk, upon which the plaintiff slipped and fell. This court (p. 342) held that whether this rendered the walk unsafe was, upon the evidence, a proper question for the jury. The depression in the present case was, on the plaintiff's testimony, eight inches in one corner of a stone five feet by two, and the circumstances were not precisely similar. A slope which is regular and in accord with that of the adjoining pavement may be much safer than one which is accidental or irregular and the result of want of repair. In such cases the question cannot be determined by nice calculations, and the question of negligence should be determined as one of fact in view of all the circumstances.

The judgment should be reversed and a new trial ordered, costs to abide the event.

All concur.

Judgment reversed.