Pratt, J.
This is an action to recover for injuries alleged to have been sustained by the plaintiff, by reason of the negligent act and omission of the defendant, in leaving an open ditch or drain contiguous to the sidewalk on a public street in the village of Matteawan, into which the plaintiff fell and sustained injuries. It appeared in evidence that the hole was about four feet long, two. feet wide and two feet nine inches deep, that it formed the entrance for the water from the gutters on the west side of the highway, and also the water which ran through the drain under the road from the east side into the drain running from the sidewalk; that the hole was without guards or covering of.' any sort, and had existed in this condition for more than a year prior to the-accident; that the night was dark and stormy, and that the plaintiff received, the injuries complained of, while she was returning from church along the-said sidewalk.
No question seems to have been made upon the trial as to the liability of the: town, or as to the duty of the town in the premises, and it is clear from the length of time that this defect had existed, it must be presumed that it could, have been discovered by the exercise of due care upon the part of the authoiities of the town.
It was a question of fact for the jury to determine whether or not this was. a dangerous hole. Goodfellow v. The Mayor, 100 N. Y., 15; and Bullock v. Same, 99 id., 654. It also appeared in evidence that the plaintiff was well acquainted with the locality and knew of the existence of the hole.
The principal question in the case is whether or not the plaintiff made out her affirmative allegation that when the injuries were received she was in the exercise of due care. Although the plaintiff knew of the excavation she might well have forgotten or miscalculated its exact location in the darkness and storm of the night in question, without being chargeable with negligence. In fact she may have forgotten its existence for the moment.
This question was properly submitted to the jury,- and the finding ought not to be disturbed. Weed v. Village of Ballston, 76 N. Y., 829; Plank v. N. Y. C. and H. R. R. Co., 60 id., 607; Thomas v. Mayor, 28 Hun, 110.
The damages are not excessive. Judgment affirmed, with costs.
Dykman, J. concurs; Barnard, P J , not sitting.