Barnard, P. J.
The question of the propriety of the use of the hemlock plank at the curb of the street, and its condition, have no materiality in the case.
The plaintiff slipped upon the sidewalk and fell upon the sidewalk. She slipped upon the part which was near the curb, but before I came to the curb, as she herself says.
The only remaining question of fact is as to the negligence proven in respect to the sidewalk itself.
The accident happened on Friday night, in January, 1884. There had been a storm on Wednesday preceding, both rain and snow. This froze up that same night, and continued a mass of ice until after the accident.
There had been no opportunity to remove this snow after the storm and up to the time the plaintiff fell and was injured. The sudden changes in our winter render it difficult, and sometimes entirely impossible, to avoid slippery sidewalks. They become dangerous in a few minutes from, a condition entirely safe and easy to travel. The case *402 would be wholly unproven if it rested on the proof of the slippery condition of the sidewalk alone. It is proven, however, that the sidewalk at the place of the accident was a covered one. That the city had during, or just after the storm, shoveled off the crosswalk, and had thrown the snow upon an iron grating at the corner which was designed to carry off the water from the street. This grating became clogged so that it did not do its work. The water was thrown on the sidewalk, therefore, by the direct act of the defendant’s servants, and thus the cause of the accident was occasioned by the defendant itself.
The question of the contributory negligence of the plaintiff was one for the jury.
The plaintiff was lawfully upon the street. She testifies to the exercise of the greatest caution, and this will be easily inferred from the condition of the street.
In a case where the plaintiff’s neglect is matter of law, the court is justified in granting a nonsuit for that reason. Goodfellow v. The Mayor, 100 N. Y., 15.
The judgment should, therefore, be affirmed, with costs.
Dykman and Pratt, JJ., concur.