EMMA BATEMAN, Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

*Duty of a railroad company to keep sidewalks, leading from its depot to a public street, in good repair — reasonable care and diligence must be exercised — when the question as to its negligence in failing to repair should be submitted to the jury — when prospective damages may be recovered — when a witness may read a memorandum which he knew to be true when made — proof of repair by the defendant is admissible to show its control over the place.*

Upon the trial of this action, brought by the plaintiff to recover for injuries alleged to have been received by the plaintiff in consequence of a defective sidewalk leading from the defendant's passenger depot in Albany to Maiden lane, a public street, it appeared that the injuries were sustained while the plaintiff, who had arrived at Albany at half-past seven on the evening of March 22, 1884, as a pasenger upon one of the defendant's trains, was walking upon the sidewalk leading along the west side of the depot towards Maiden lane, at a place where the sidewalk was crossed at right angles by a drive-way for baggage and freight wagons, which was made of three rows of flag-stones laid lengthwise, with paved spaces about a foot wide between each row. The most northerly stone of the outer row, being a poor one, had become worn or scaled off, by the impact of the wagon wheels upon it so as to cause a depression in the walk of the size of the upper face of the stone, which was three feet long and twenty-two inches wide. At the north end of the stone the depression was three and one-half inches lower than the upper face of the flag-stone upon the sidewalk next north of it ; at the south end the depression was an inch and a-half greater. The plaintiff stepped into this depression, at a time when it was covered by rain water, partly fell and broke her ankle.

*Held,* that the measure of care due from the defendant to its passengers, whom it invited to use the sidewalk, was the same that is required of a municipal corporation with respect to its public sidewalks which it is required by law to maintain.

That it was required to use reasonable care and diligence as measured by the circumstances of each case.

That the question as to whether it was not negligence on the part of the railroad company to omit to repair the depression existing in this case was properly submitted to the jury.

That, as the evidence tended to show that the plaintiff had not recovered from the injury at the time of the trial, the court did not err in charging that the plaintiff was entitled to recover for such injuries, as it was "reasonably certain that she will suffer hereafter."

Cole and Birch examined the depression, the former making the measurements and the latter observing that they were correct. Cole entered them upon a memorandum, which Birch signed. Upon the trial Birch testified that he knew the memorandum to be true when he signed it, but that, without recourse to it, he could not state the size of the several depressions; that looking at the figures did not refresh his recollections as to what the dimensions were.

*Held,* that he was properly permitted to look at the paper and state the figures as there entered.

*McCormick* v. *Railroad Company* (49 N. Y., 315) followed.

That evidence to the effect that the defendant replaced the worn-out stone was admissible to show that the defendant had control over the sidewalk.

APPEAL from a judgment in favor of the plaintiff entered upon the verdict of a jury at the Albany circuit.

The action was brought to recover for injuries alleged to have been received by the plaintiff in consequence of a defective sidewalk leading from the defendant's passenger depot, in Albany, to Maiden lane, a public street. The plaintiff arrived in Albany at half past seven o'clock, on the evening of March 22, 1884, as a passenger upon defendant's train; passed from the cars through the depot and was walking upon the sidewalk leading along the west side of the depot toward Maiden lane. It was after dark, the place dimly lighted and some rain had just fallen. At the southerly end of the depot there is a drive-way for baggage and freight wagons, at right angles, across the sidewalk. Up to the drive-way the sidewalk was made of flag-stones, with a curb stone upon the outside. The drive-way was made of three rows of flag-stones laid lengthwise, with paved spaces about a foot wide between each row of flag-stones. The outer row of flag-stones and the paving blocks outside of it were so laid as to conform to the grade of the wagon road outside. There

was no curbstone there. The most northerly flag-stone of the outer row across this drive-way was a poor stone and had become worn or scaled off by the impact of the wagon wheels upon it or by the action of the frost, and as a consequence a depression in the walk existed there of the size of the upper face of the stone, which was three feet long and twenty-two inches wide. At the north end of the stone the depression was three and a-half inches lower than the upper face of the flag-stone upon the sidewalk next north of it, and the depression increased an inch and a-half from the north to the south end of the stone. This depression was covered by rain water. The plaintiff while walking upon the outer side of the walk stepped into this depression without noticing it, partly fell and broke her ankle. About 4,000 people daily passed over this walk, and no one was ever injured there before.

*H. Harris*, for the appellant.

*N. C. Moak*, for the respondent.

LANDON, P. J.:

The walk upon which the plaintiff was injured was maintained by the defendant upon its own land as a sidewalk for passengers coming and going between its passenger depot and the public street. We think the measure of care due from the defendant to its passengers whom it invites to use it, is the same that is required of a municipal corporation with respect to its public sidewalks, which it is required by law to maintain. We can perceive no valid reason why its duty should be any more or less stringent. When a railroad company is in the act of carrying a passenger, the passenger cannot participate in the management, but commits his safety to the care of the company, and becomes the passive object of its protection. When he is upon a sidewalk he can take care of himself if it is reasonably safe for public travel. In the former case the highest diligence and care are necessary for safety; in the latter case a less degree of care and diligence will suffice. It is reasonable care and diligence measured by the circumstances of each case. This distinction is pointed out in recent cases, in which the facts would seem to call for as strict a measure of care as in this case. (*Morris* v. *N. Y. C. and H. R. R. R. Co.*, 106 N. Y., 678; *Laflin*

v. *B. and S. W. R. R. Co.*, id., 136; *Weston* v. *N. Y. Elevated R. R. Co.*, 73 N. Y., 595.)

Tested by the rules applicable to streets and sidewalks in cities and villages, we are called upon to say whether, as was suggested in *Goodfellow* v. *Mayor* (100 N. Y., 19), the irregularity or depression in this pavement was so slight that the court would be justified in holding as a matter of law, that it was not negligence on the part of the railroad company to omit to repair it. The irregularity or depression is less in this case than in the one cited, and less than in *Clemence* v. *Auburn* (66 N. Y., 334), in both of which the question was held to be one of fact for the jury. No doubt this case is near the border line. Where different inferences may fairly be drawn from the same circumstances, the jury should draw the decisive inference. We cannot set aside the verdict as " contrary to the evidence," for it is not, if the jury could fairly draw the inference they have drawn. We think we are obliged to hold as a matter of law, that the jury had the right to pass upon the question as one of fact.

We do not think there is any ground to disturb the verdict because of the alleged contributory negligence of the plaintiff.

The court, we think, properly submitted the question of prospective damages to the jury. The instruction was that the plaintiff was entitled to recover for such injuries as it is " reasonably certain that she will suffer hereafter." Reasonable certainty is all that can be had with respect to the future. The cases hold that that is enough. They also hold that where the evidence leaves the case so balanced or conjectural that reasonable certainty is not shown, the case is not made out. If the best that can be said, with respect to a continuance of the injury or suffering, is that it may be so, and it may not be, then there is a failure of proof in that regard. (*Strohm* v. *N. Y., L. E. and W. R. R. Co.*, 96 N. Y., 305; *Mosher* v. *Russell*, 44 Hun, 12.) Here the evidence tended to show that the plaintiff had not recovered from the injury. If the jury believed that evidence, they had to give it some weight upon the question of damages.

The testimony of the witness Birch was properly received. He and the witness Cole examined the depression in the sidewalk. Cole made the measurements and Birch observed they were cor-

rect. Cole entered them upon a memorandum, which Birch signed. Birch testified that he knew the memorandum to be true when he signed it, but without recourse to the memorandum he could not state the size of the several dimensions. Looking at the figures did not refresh his recollection as to what the dimensions were. He could only state them as he saw them, and because he knew they were true as entered. He was permitted to look at the paper and state them as there entered. His testimony was thus confined to what he swore he knew to be true. (*McCormick* v. *R. R. Co.*, 49 N. Y., 315.)

The evidence to the effect that the defendant replaced the worn-out stone by a better one was carefully restricted, both by counsel and the court, to the question at issue upon the trial, but not raised here, whether the defendant had control over the sidewalk. It was competent upon that question. (*Morrell* v. *Peck*, 88 N. Y., 398.) All that the defendant could ask was an instruction that it was not evidence of negligence. and that was given.

Judgment affirmed, with costs.

FISH and PARKER, JJ., concurred.

Judgment affirmed, with costs.