ELIZABETH A. CLAPPER, RESPONDENT, v. THE TOWN
OF WATERFORD, APPELLANT.

*Negligence — defective highway — its condition the day after the accident — adoption by a town of a cross-walk — its muddy condition — cross-examination — Laws of 1881, chap. 700, sec. 1 — refusal of supervisor to pay over highway money.*

In an action brought to recover the damages resulting from an injury caused by a defect in a highway, it appeared that, in a thickly settled part of a town, a ditch ran along a highway, across which had been constructed, some years before the accident, by inhabitants of the town, a cross-walk. Where this cross-walk crossed the ditch a plank-bridge was built, in which a hole, about ten inches long and from four to five inches wide, had existed, at the time of the accident, for more than two months. Into this hole the plaintiff, a foot passenger, fell about nine o'clock in the evening and was injured.

There was no proof that the proper town officials had actual knowledge of the existence of this hole; and upon the trial the town proved that the commissioner of highways had no funds at the time of the accident with which to repair bridges.

*Held*, that it was proper for the plaintiff to prove the condition of the hole on the morning after the accident, as no change in its condition would be presumed to have happened in so brief a period.

That, it being a controverted question whether the town had ever recognized or adopted the bridge, it was proper to show that six days after the accident the town commissioner was seen making repairs there, the purpose of said evidence being strictly limited by counsel to show that the town exercised acts of authority over the bridge, and not to show that it needed repairs.

That, as bearing upon the question of contributory negligence, the plaintiff might show that the cross-walk was muddy.

That after a highway commissioner had testified, on cross-examination, as to town funds and official acts, it was not improper to allow him, on his redirect-examination, to state whether the board of highway commissioners had, in the spring before the accident, called for an appropriation of money to be voted at town meeting.

That the liability in the case at bar was one of the town, under the Laws of 1881 (chap. 700, § 1), and was not, in the first instance, that of the commissioner of highways.

That if the town supervisor had refused or neglected to pay the highway money to the commissioners, and they for that reason were without funds, this was no defense to the town.

That the court was not required to charge abstract propositions of law, even if they were correct, unless they applied to the facts proved.

That where a cross-walk, part of which consisted of such bridge, had been commonly used by the inhabitants of a village for some years, the jury might

determine whether the town had adopted it as a part of the worked highway, and was, therefore, bound to repair it.

That where the defendant requested the court to charge that there could be no recovery unless the jury found that the highway commissioners were guilty of willful misconduct or culpable neglect, and the trial justice replied, " If they did not exercise ordinary care it is culpable negligence," no error was committed. (LANDON, J., doubting.)

APPEAL by the defendant, the Town of Waterford, from a judgment of the Supreme Court, entered in the clerk's office of the county of Saratoga on the 24th day of April, 1891, upon a verdict for the plaintiff for $500, rendered after a trial at the Saratoga Circuit before the court and a jury; also from an order denying a motion for a new trial, entered in said clerk's office on the 30th day of April, 1891.

*I. C. Ormsby*, for the appellant.

*P. D. Niver*, for the respondent.

MAYHAM, J.:

The respondent, in passing over a foot-bridge over a ditch in the public highway, in the town of Waterford, stepped into a hole in the plank and was injured. The highway was through a thickly peopled section, between the city of Cohoes and the village of Waterford. On either side of the highway was a ditch, constructed for the ordinary drainage, surface drainage, of the highway; at about right angle with it was a cross-walk. The bridge over the ditch constituted a part of the cross-walk; was constructed of plank placed upon stringers or timbers imbedded in the road-bed, and in the bank or curb outside of the ditch, with plank extending from one to the other across the ditch. The length of the plank-bridge was about eight feet, and its width about two and one-half feet, and was about twelve inches above the bottom of the ditch. The proof tended to show that, in this plank-walk or bridge, there was a hole through the planks about ten inches long, and from four to five inches wide, and that the same had been there from May previous until the thirty-first of July, when this accident occurred.

This bridge had been constructed in connection with a stone cross-walk across the road-bed some years before by the inhabitants, and had, from time to time, been kept in repair by them. There

was no proof that either the commissioners of the town or overseer of the ward had actual knowledge of the existence of this hole in the bridge or walk; and the defendant proved on the trial that the commissioner of highways had no funds with which to repair bridges at the time of the accident. Several objections and exceptions were taken by the defendant to evidence offered by the plaintiff on the trial. Exceptions were also taken to the refusal to nonsuit the plaintiff on the motion of the defendant, also to the judge's charge, and to his refusal to charge as requested by the defendant. The plaintiff, on her own behalf, was permitted to state the condition of the hole in the bridge as she found it the morning after the accident. This the defendant insists was error. The injury occurred about a quarter to nine o'clock in the evening, and the examination of the hole in the bridge was made the next morning. We see no error in the admission of this evidence.

In *Burns* v. *City of Schenectady* (24 Hun, 10), cited on this point by the plaintiff, it was held error to exclude the testimony of a witness that he had seen similar accidents from the same obstruction for which the action was brought before the time of the injury complained of. This is not an authority to support the defendant's theory here. In *Collins* v. *New York Central and Hudson River Railroad Company* (109 N. Y., 243), also cited by the defendant on this point, the witness was not permitted to state the result of his observation as to the capacity of two different smoke-stacks to prevent the emission of sparks, and the exclusion of the evidence was held error. I fail to see how that can be claimed as an authority for the defendant's contention on this point. In *Stodder* v. *New York, Lake Erie and Western Railroad Company* (50 Hun, 225) evidence was given, under objection, of the condition of a railroad switch after the accident, and after proof that it had been changed, and it was held that such evidence was not admissible without proof that in spite of the substitution of the new portion the condition of the switch remained practically the same as it was when the accident happened. But the ruling was put upon the ground that a change had been proved, and the effect of that confessed change must be known before its changed condition can be competent, as proving its condition at the time of the accident. But a change is not presumed, the legal presumption is that things remain as they are proved

to have existed until the contrary is proved; and we think the condition in which the bridge was the morning after the injury is presumptively its position the night previous, and that the burden of showing it different is upon the party asserting the change.

It is also insisted that the trial judge erred in receiving evidence of repairs of this bridge by Quackenbush after this injury. It was proved by the plaintiff, under the objection of the defendant, that Quackenbush was at the time acting commissioner of highways of the town of Waterford, but we see no valid objection to that evidence, nor do we think that it was error to prove his acts in relation to this bridge. It was a controverted, and perhaps an important, question in the case, whether or not the town authorities had recognized, constructed or adopted this bridge as a part of the highway, but some evidence was sought to be given on both sides of this question. That being so, we think it was competent to prove the acts of the commissioner of highways of the town in reference to the bridge solely as bearing upon that question. After showing that Quackenbush was seen at this bridge about six days after the accident, the witness was asked this question. "Did you see Quackenbush on this occasion repairing this bridge in question?" The question as appears from the case was accompanied by the following statement: "This question was asked for the purpose of proving only that the commissioner of the town of Waterford exercised control over the bridge and that they had sufficient funds at the time of this accident to repair the bridge, and it was not offered to show anything else." This question was objected to upon the ground that it was incompetent, improper and immaterial. That Quackenbush was not shown to be commissioner. That the bridge was not shown to be in the same condition in which it was at the time of the accident. That the evidence did not tend to show jurisdiction by the proper officer, or that they had funds.

If this question had been put without qualification, so that the inference could be drawn that it was offered as an admission that the bridge was out of repair to the knowledge of the officers of the town, it would have been clearly incompetent within the decisions of the following cases: *Corcoran* v. *The Village of Peekskill* (108 N. Y., 151); *Salters* v. *D. and H. Canal Co.* (3 Hun, 338); *Payne* v. *T. and B. R. R. Co.* (9 id., 526). The vice of this kind of evi-

dence is tersely expressed in the *Corcoran Case* (108 N. Y., *supra*), where the judge says : " While such evidence has no legitimate bearing upon the defendant's negligence or knowledge, its natural tendency is, undoubtedly, to prejudice and influence the minds of the jury."

But in the case at bar this inference was expressly disclaimed by the question itself, and it was confined to two inquiries, one at least of which was pertinent to the subject under investigation, viz., whether or not this was a part of the highway which was under the care and control of the commissioners. Upon that subject the acts and declaration of the commissioners would be competent. (*Bidwell* v. *The Town of Murray*, 40 Hun, 190, 191.)   There was no attempt to show the kind of repairs done by the commissioner to this bridge, and no inference could be fairly drawn that the repairs related to the hole in the plank in which the alleged injury occurred, and as the question itself was an express disclaimer of any inference of an admission that the bridge was out of repair to the knowledge of the commissioner, we do not see that its admission was error. In *Payne* v. *Troy and Boston Railroad Company* (9 Hun, 526), the objectionable feature in the evidence was that it showed repairs done in remedying the alleged defect which had produced the injury complained of, and thus bore directly upon the question of the negligence complained of. . In the case at bar its offer and reception was for quite another purpose, and was, we think, competent within the rule laid down in the case of *Morrell* v. *Peck et al.* (88 N. Y., 398).

Nor do we think it was error to admit the evidence of the plaintiff showing the muddy condition of the road at the walk at the time of the accident.   That evidence was proper, we think, as a circumstance tending to excuse the plaintiff from the imputation of contributory negligence.   The question put to the witness, John Richmond, was proper on a cross-examination of that witness.   The plaintiff called him and proved that he, with Quackenbush and Wood, were commissioners of highways of that town, and he was interrogated by the defendant and gave evidence on such examination as to the subject of funds in the hands of such commissioners, and other matters relating to their official acts.   On the redirect-examination he was asked the following question : " Did the board,

in the spring of 1889, call for the appropriation money to be voted at town meeting?" This was objected to by the defendant and the objection was overruled. This was not error on a redirect-examination; in view of the evidence which had been elicited by the defendant on the cross-examination of this witness. The defendant insists that the trial court erred in refusing to charge as requested in the defendant's third request to charge. That request was as follows: "Third. That if the commissioner had demanded of the supervisor the highway money in his hands, and he did not pay it to them, and they, for that reason, had no funds, defendant is not liable and the jury may find that the highway commissioners had used reasonable diligence in obtaining the funds, and not obtaining them they were not liable for any negligence in not repairing the highway if it was out of repair." We think this request to charge was properly refused by the judge. The liability, if one existed in this case, was one of the town, and not that of the commissioners of highways in the first instance. Section 1 of chapter 700 of the Laws of 1881, provides that: "The several towns in this State shall be liable to pay any person suffering the same, for all damages to person or property by reason of defective highways or bridges in such town, in cases in which the commissioner or commissioners of highways of said towns are now by law liable therefor, instead of such commissioner or commissioners of highways."

If the supervisor, being an officer of the town to whom the funds applicable to roads and bridges have been paid by the collector, refuse or neglect to pay the same over to the commissioners, and by such neglect the commissioners are without funds, it is difficult to see upon what principle the town can be excused from liability for not keeping the highways or bridges in a reasonably safe condition for the public travel, on the ground that it, or its officers charged with the duty of making needed repairs, is out of funds, and, therefore, excused from the performance of such duty.

It is also insisted that the court erred in refusing to charge as requested in the defendant's sixteenth request to charge.

The court, in that request, was asked to charge that if the jury found that the gutter bridge was a board sidewalk rather than a part of the worked highway, the commissioners were not bound to keep it in repair. As an abstract proposition that request to charge may

be sound, but we fail to see its application to this case, and hence the court was not required to charge it. It is doubtless true that the commissioners or town could not be called upon to keep in repair a private sidewalk upon a country road, which they had in no way authorized or adopted as a part of the public street, but there is no evidence that would justify the conclusion by the jury that this was such a structure. The proof showed it to be a stone walk across the traveled part of the highway and a bridge over the ditch, which was also a part of the worked portion of the highway. It had been there for many years and used in the same manner by the public. In *Hiller* v. *The Village of Sharon Springs* (28 Hun, 346) this court held that, "if an individual voluntarily puts down a sidewalk, the village may, by acquiescence in the act for a sufficient length of time, and by other acts, accept the sidewalk, and with it the village must take the obligation to keep it in repair." This rule may not, in its full force, extend to country roads, but when a cross-walk, which constitutes a part of the traveled street, and covering the ditch, has been suffered to exist for a number of years, we think, within the principle of the above case and others cited in that case by the court, it may be properly submitted to the jury for them to determine whether or not the town had adopted it as a part of the worked highway, which it is bound to keep in a reasonably safe condition for the use of the public.

The defendant excepted to the language of the judge, in which he says that, "if they did not exercise ordinary care, it is a culpable negligence." This was in response to a request of the defendant to charge, that the jury to find the defendant liable, must find that the highway commissioners were guilty of willful misconduct or culpable neglect. The judge charged as requested, but added as above quoted. We do not think the remark to which the exception was taken, when taken in connection with the direct response to the request, was error. The charge of the judge upon the whole case was impartial and a correct exposition of the law applicable to the same, and we see no error committed upon the trial for which the judgment should be reversed.

The judgment must be affirmed, with costs.

LEARNED, P. J., concurred.

LANDON, J.:

I gravely doubt whether the town is liable. The citizens made the sidewalk and cross-walk. (Chap. 61, Laws of 1860; chap. 93, Laws of 1863; chap. 233, Laws of 1881.) If the town could not object, its failure to do so is not an adoption. But I do not dissent.

Judgment and order affirmed, with costs.