WILLIAM HARRIGAN, Appellant, *v.* THE CITY OF BROOKLYN, Respondent.

*Liability of a municipality for a defect in a street — opening in the curb, not on the sidewalk or cross-walk.*

A municipality is not liable for an injury suffered by a pedestrian crossing a street in the night-time, caused by his stepping into an opening some four inches wide at the top and three inches deep between the ends of two curb-stones, not on the sidewalk or at the termination of a cross-walk, which opening had been made to carry away water from the street, in a prudent exercise of the power of the municipality to make its streets and walks dry for the use of the public.

APPEAL by the plaintiff, William Harrigan, from a judgment of the Supreme Court, entered in the office of the clerk of Kings county on the 26th day of August, 1892, on the dismissal of the complaint at the close of the plaintiff's evidence on a trial at circuit, and from an order, entered in said office on the 3d of September, 1892, denying the plaintiff's motion for a new trial on the minutes, in an action brought to recover damages arising from personal injuries sustained by the plaintiff in a public street of the defendant, the City of Brooklyn.

*James C. Church,* for the appellant.

*Almet F. Jenks,* for the respondent.

BARNARD, P. J.:

Hicks street is one of the public streets in the city of Brooklyn. The street was graded and paved by the city, including the sidewalks, in 1860. The street was paved with cobble-stones, and there was a good, unflagged sidewalk two or three inches below the top of the curb-stone level. On the 21st of July, 1888, about twelve o'clock at night, the plaintiff crossed Hicks street on the cross-walk, until he discovered a puddle of water, and he stepped aside, some three feet, to avoid the water. When he reached the sidewalk he put his foot upon the curb-stone, and there was an open space there some four inches at the top, and slanted down like a wide-shaped V where the curbs had not come together. The plaintiff put his foot in the V-shaped opening in the curb-line, fell and broke his leg. The opening in the stone was not at the termination of the cross-walk,

and had been made to carry the water from the street, which otherwise lay stagnant there, into the lot that carried the water away. There was no proof of negligence upon the part of the city. The case does not resemble *Clemence* v. *City of Auburn* (66 N. Y., 334). In that case a sidewalk was constructed on two grades. They were connected by a stone at a slope of six inches in about three and a half feet. The result was, a person was injured by stepping in the incline covered by a light snow. Neither is it like the case of *Goodfellow* v. *The Mayor* (100 N. Y., 15). There, a cross-walk was supposed to continue where a stone in it had one corner on a level with the grade and the opposite corner, eight inches below the level. The court held this case proper to go to the jury. The present case does not refer either to sidewalk or cross-walk. It was a failure to bring the top of the curbs close, and for a good reason. It was the duty of the city to free the street and walks from water, and this small aperture in the curb-line, four inches wide and some three inches deep, and not on the sidewalk and not on the cross-walk, but detached some feet therefrom, was a prudent exercise of the power of the city to make its streets and walks dry for the use of the public.

The nonsuit was, therefore, right, and the judgment should be affirmed, with costs.

PRATT, J., concurred.

Judgment and order denying new trial affirmed, with costs.

---

IN THE MATTER OF THE PETITION OF THE THIRD METHODIST EPISCOPAL CHURCH, IN THE CITY OF BROOKLYN, TO DISSOLVE THE CORPORATION, ETC.