MARY REYNOLDS, Appellant, v. THE CITY NATIONAL BANK of Watertown, and Others, Respondents.

*Deed from a wife to her husband — executed before, and delivered after the passage of chapter 537 of the Laws of 1887 — grantor's lien for unpaid purchase price.*

A deed from a married woman to her husband dated prior to the passage of chapter 537 of the Laws of 1887, and delivered thereafter is not a void conveyance.

It is a matter of no importance when such a deed was drawn up or executed ; its validity depends upon the time of its delivery.

Testimony was given on the trial of an action tending to show that a deed was delivered by a married woman to her husband in consideration of his agreeing to pay her $3,000 therefor, but that the premises therein described were recognized between the parties to the deed as the property of the husband, or as the product of their joint labor in which both were interested, and the title to which was kept in such a position that it could be used as the property of either, as the exigencies of their business might require.

*Held,* that if such a deed was given to the husband under such an arrangement by his wife, she would not be within the equity of the rule that gives to a vendor of property a lien upon it until his just demands for the purchase price thereof are satisfied.

APPEAL by the plaintiff, Mary Reynolds, from a judgment of the Supreme Court in favor of the defendants, rendered at the Jefferson County Special Term, and entered in the office of the clerk of the county of Jefferson on the 7th day of February, 1893, dismissing the plaintiff's complaint.

This action was brought to set aside a deed given by the plaintiff to her husband, and to cancel the record thereof and, so far as the same affects the premises therein described, to set aside and cancel a certain mortgage given by the plaintiff and her husband to the City National Bank of Watertown, and in case such mortgage is not set aside and vacated, to obtain an adjudication that the plaintiff has a lien on the premises therein described for $3,000, the purchase price thereof, superior to the said mortgage, and to any right or interest that may be acquired by virtue of a judgment of foreclosure and sale thereof.

The trial court found as matters of fact that the plaintiff, on January 13, 1885, executed a warranty deed of certain premises to her husband, and acknowledged the execution thereof on January 15, 1885 ; that thereafter the deed was kept in the house and was not recorded and delivered until the 28th day of June, 1889, and on June 28, 1889, such deed was recorded in the clerk's office in Jefferson county.

That in May, 1890, the husband of the plaintiff represented to the cashier of the City National Bank of Watertown that he owned the premises in question, free from incumbrances except as to a certain mortgage, and on August 5, 1890, the plaintiff and her husband executed and delivered to the defendant, the City National Bank, a mortgage for the sum of $2,140, at the time of the execution of which the plaintiff had no knowledge of the invalidity of the title of her husband to such premises, and she signed the same for the sole purpose of releasing her supposed right of dower therein.

That the defendant, the City National Bank, had no notice at or before the time of the execution or delivery of such mortgage, and the advancement of the money on the same, that the plaintiff

claimed to have any interest in said premises except her inchoate right of dower therein, or that she claimed any lien on said premises as vendor or otherwise.

That on August 8, 1890, her husband gave this plaintiff a note for $3,000, payable on demand, for the purchase price of the premises in question; that judgment was subsequently recovered by the plaintiff thereupon, upon which an execution was issued.

The referee decided as matters of law that Samuel W. Reynolds was the owner of the premises described in the deed from the plaintiff at the time of the execution and delivery of the mortgage to the City National Bank; that such mortgage was a good and subsisting security for the amount secured thereby; that the plaintiff had no lien on the premises in question as vendor thereof, and that the plaintiff's complaint should be dismissed, with costs.

*Hannibal Smith*, for the appellant.

*Lansing & Lansing*, for the respondents.

PARKER, J. :

We have no difficulty in adopting the finding of the court at Special Term, that the deed from the plaintiff to her husband bearing date January 13, 1885, was not delivered until June 28, 1889. The testimony that both parties gave before the referee in supplementary proceedings, is much more reliable than that given under the pressure of the situation at the time this action was tried, and is much more consistent with reason and the mode in which their business was done.

Before the referee both testified that the deed was not delivered in 1885, and the plaintiff gave her reasons for retaining it. It is not at all probable that the statement of both was misunderstood or inaccurately taken down, and it can hardly be supposed that they both deliberately and without reason then testified falsely, and now, for the first time, tell the truth as to the transaction.

If the deed was delivered in 1889, it was not a void conveyance. The disability which existed in 1885 had been removed by chapter 537, Laws of 1887, and the conveyance operated between herself and her husband in the same manner that it would between herself and one not related to her. It does not depend for its validity upon

the ratification of the agreement to convey, made in 1885, or upon any ratification whatever, but it is in itself a new and executed contract sufficient in form and manner of execution to convey real estate, and surely it is a matter of no importance when it was drawn up or executed. It was delivered in 1889, at a time when such an instrument was operative between them, and, hence, it cannot be set aside as void.

It is claimed by the plaintiff's counsel that notwithstanding the act of 1887, the disability against a married woman's contracting with her husband still continued. It may be that such statute did not enlarge the power of a wife to make, with her husband, an executory contract to convey, but the question here is not whether her contract to convey could be enforced in 1889, but whether the conveyance which she then made was a void one. Certainly, at that date, all the disabilities that formerly rendered such a conveyance void had been removed, and, therefore, the title to her premises had been lawfully transferred to her husband, and he was in a position to lawfully convey or mortgage the same.

The question whether the transaction under which such deed was delivered was an actual and *bona fide* sale, so that the plaintiff acquired a vendor's lien on the premises for the unpaid purchase money, is a more difficult one. It is true that she had the title to the premises, and that at the time it was taken their pecuniary condition does not indicate that it was given to her in fraud of her husband's creditors. It is also true that they both testify that the deed was delivered in consideration of his agreement to pay $3,000 for the premises, but yet if such premises were recognized between themselves as the property of the husband, or as the product of their joint labor in which both were interested, and the title to which was kept in such a position that it could be used as the property of either, as the exigencies of their business might require, and if it was conveyed to the husband under such an arrangement, then the plaintiff would not be within the equity of the rule that gives to the vendor of real estate a lien upon it until his just demands for the purchase price thereof are satisfied. (Pom. Eq. Juris. § 1250.)

There are many things indicating that the parties did not as between themselves assume the ordinary relation of vendor and vendee, and particularly showing that a vendor's lien for the pur-

chase money was not contemplated between them. The deed was delivered for the express purpose of enabling the husband to raise money on the premises for use in his business, and the plaintiff not only at once joined with him in putting a $2,000 mortgage thereon, but subsequently joined with him in further mortgaging it to the defendant, the City National Bank.

The whole course of their dealing by which this property was acquired, the unusual way in which the title was kept in her name on the record and in his name in the house, her readiness to give him the title and join with him in incumbering it, the fact that no evidence of a promise to pay the alleged purchase price was given or asked for when the conveyance was made, although on its face the deed expressed a consideration of only one dollar fully paid, and the subsequent conduct of the parties in giving a note for such purchase price and seeking to enforce it by judgment and execution against his personal estate in advance of his creditors, as soon as it appeared that the husband could not continue his business, all indicate that it was not a sale of property such as would give the wife the equity of a grantor's lien.

An extended analysis of the evidence on this question is not necessary. It has been thoroughly done by the judge at Special Term. He has seen the parties under examination, and from all the evidence has been convinced that the sale claimed by them was never in fact made.

The case does not present such a preponderance of evidence against his conclusions as to warrant our interfering with them. (*Baird* v. *Mayor, etc., of City of N. Y.*, 96 N. Y. 567; *Devlin* v. *Greenwich Savings Bank*, 125 id. 756; *Beckwith* v. *N. Y. C. R. R. Co.*, 64 Barb. 308; *Roosa* v. *Smith*, 17 Hun, 138; *Thompson* v. *Vrooman*, 21 N. Y. Supp. 180.)

We do not discover any error in the admission or rejection of evidence which has worked any injury to the plaintiff, and on the whole case we conclude that the judgment is correct, and should be affirmed, with costs.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment affirmed, with costs.