(46 Misc. Rep. 1.)

### HARDWICK v. SALZI et al.

(Supreme Court, Special Term, Kings County. December, 1904.)

1. HUSBAND AND WIFE—CONVEYANCES BETWEEN.

Under Laws 1887, p. 667, c. 537, allowing husband and wife to convey to each other without the intervention of a third party, a husband may convey to his wife his interest in lands held by them as tenants by the entirety.

2. ESTOPPEL BY DEED.

Where husband conveys directly to his wife his interest in lands of which they are seised as tenants by the entirety, and the wife conveys the land by a warranty deed, both she and her husband are estopped from questioning the title of the grantee.

[Ed. Note.—For cases in point, see vol. 26, Cent. Dig. Husband and Wife, §§ 265, 733.]

Action by John Hardwick against John D. Salzi and Caroline Salzi. Judgment for defendants.

F. L. Gross, for plaintiff.
Henry J. Morris, for defendants.

MADDOX, J. The defendants in the above-entitled action (husband and wife) in January, 1895, became seised of and held the title to the premises in question as tenants by the entirety, per tout et non per my. Zorntlein v. Bram, 100 N. Y. 15, 2 N. E. 388; Hiles v. Fisher, 144 N. Y. 313, 39 N. E. 337, 30 L. R. A. 305, 43 Am. St. Rep. 762. Neither could alienate the entire estate without the other

uniting, yet, perforce of the statutes in this state relating to the estates of married women, as to the use, rents, and profits of an estate by the entirety, while the survivorship is in abeyance, they were "tenants in common or joint tenants, * * * each entitled to one-half" thereof; the common-law right of the husband to the usufruct not being "an incident of the tenancy, but of the marital right." Hiles v. Fisher, 144 N. Y. 306, 39 N. E. 337, 30 L. R. A. 305, 43 Am. St. Rep. 762; Grosser v. City of Rochester, 148 N. Y. 235, 42 N. E. 672. Each was seised of the entirety, with the right of survivorship. "The wife, as well as the husband, took an estate under a grant to both. Hiles v. Fisher, supra. And by chapter 472, p. 676, of the Laws of 1880, enacted before the conveyance to them, they were authorized and enabled, by an instrument duly executed by them, to make partition or division of the same between themselves." At common law a deed of conveyance from a husband to a wife, or vice versa, was void; but by chapter 537, p. 667, Laws 1887, also passed before such seisin of Salzi and his wife as tenants by the entirety, it was enacted that a deed made directly between husband and wife (that is, from either one to the other) "shall not be invalid because * * * made directly from one to the other without the intervention of a third person"; and by chapter 594, p. 1139, of the Laws of 1892 "a married woman may contract with her husband * * * to the same extent, with like effect, and in the same form as if unmarried."

John Salzi in May, 1895, by warranty deed, containing full covenants, including a covenant for any further necessary assurance of title, conveyed said premises directly to his wife, Caroline Salzi; and, if that deed is good, then the defendants should have judgment of dismissal on the merits. But for the act of 1887, such deed would, except for equitable considerations (Fitzpatrick v. Burchill [Sup.] 28 N. Y. Supp. 389), have no validity in law; and such deed, having been executed and delivered subsequent to the enactment of that statute, "was not a void conveyance" (Reynolds v. City National Bank, 71 Hun, 386, 24 N. Y. Supp. 1134), unless the provisions of that statute are to be held as inapplicable to a husband and a wife holding lands as tenants by the entirety. "The disability which existed" prior to the act of 1887 "had been removed, * * * and the conveyance operated between herself and her husband in the same manner that it would between herself and one not related to her." Reynolds v. City National Bank, supra. Salzi, his wife uniting with him, could have conveyed the premises to her through an intermediary—a mere conduit of title—and she would then have been vested with the fee, free from any right of the husband growing out or by reason of such prior tenancy by the entirety. They could, by the express language of the statute (Laws 1880, p. 676, c. 472), have made "partition or division of the same between themselves, and such partition or division, duly executed under their hands and seals," would have been "valid and effectual."

In the act of 1887 (page 667, c. 537) there is no language of limitation or exception. There is nothing indicating an intention that its provisions are not to apply to tenants by the entirety. It is broad,

general, and comprehensive enough to include all classes of holdings. It is that:

"Any transfer or conveyance of real estate hereafter made by a married man directly to his wife, and every transfer or conveyance of real estate hereafter made directly by a married woman to her husband, shall not be invalid because * * * made directly from one to the other without the intervention of a third person."

If tenants by the entirety can, by an instrument duly executed under their hands and seals, make partition or division of lands so held by them, then why are they not enabled, under the provisions of the act of 1887, to convey from one to the other directly, in the same manner and with no greater formality or circuity than is required between husband and wife as to other holdings of real property? No reason has been assigned, and the statute, in my opinion, includes conveyances between husband and wife as tenants by the entirety in the expression that "any transfer or conveyance * * * and every transfer or conveyance of real estate hereafter made" directly between husband and wife "shall not be invalid because of the failure to convey through an intermediary."

The husband could have mortgaged his interest, and, if he had survived his wife, the mortgage would have included the fee. Hiles v. Fisher, supra. And as said before, he could convey the entire estate only when the wife united in the conveyance; but if he conveyed to her, and she accepted such conveyance, did she not thereby assent thereto, and did she not thereby join with him in making the transfer to her effectual? What more could be asked for, especially in view of the provisions of the act of 1887? Nothing; and, in my opinion, the deed from the husband to the wife was good and effectual to vest the whole estate in her. Blaechinska v. Howard Mission & Home, 130 N. Y. 500, 29 N. E. 755, 15 L. R. A. 215; Dean v. Metropolitan El. R. Co., 119 N. Y. 546, 23 N. E. 1054.

Here, soon after the deed from her husband, Caroline Salzi, by deed containing full covenants and a warranty of title, conveyed the same premises to one Rock. Her husband cannot now be heard to question the validity of his deed to her, neither can she be so heard. An estoppel by deed would operate in favor of those taking title to said premises in reliance upon said deed as against him, and, as well, all claiming through him, in any claim or contention that said deed was invalid or ineffectual to divest him of all interest.

Judgment for defendants.