### Thomas Hill *vs.* Inhabitants of Seekonk.
### Elizabeth Hill *vs.* Same.

Bristol.    October 28. — 29, 1875.    Wells & Morton, JJ., absent.

In an action against a town to recover for injuries caused by a defective highway, which the town was bound to keep in repair, one of the plaintiffs, who were riding together in their carriage in the daytime, testified that the defect was a hole in the way, caused by the dropping down of the capstone of a culvert, that the other plaintiff was driving, and that he was not at the time looking ahead, but was looking as any other person would who was driving in a carriage. The plaintiff who was driving testified that she had no previous knowledge of the defect, that the horse was gentle and was walking at the time, and that she was then looking straight ahead. The evidence also showed that the road was rough, that there was mud and water upon it, and that there was room to pass safely upon the side of the way. One witness for the plaintiff testified that any one who was on the lookout could have seen the hole. The presiding judge, at the defendant's request, instructed the jury in substance, that if the plaintiffs in the daytime, and at a walk upon a broad and substantially level road, with ample width for passing by the hole, went into it, when it was conspicuous, obvious and in plain sight, they were not in the exercise of due care, unless they show some excuse for their inattention to their track; and that the law requires of one riding in the daytime such attention to the road over which he is about to pass, as to see large holes that are con spicuous, obvious and in plain sight, unless some sufficient reason excuses the inattention, and refused to give the further instructions requested by the defendant, that no such excuse was offered or shown by the evidence in this case, and that there was no evidence in the case of due care on the part of the plaintiffs, or either of them. The judge, at the request of the plaintiffs, also instructed the jury that it was enough if the plaintiffs looked ahead in such a manner as persons of ordinary prudence usually do in riding upon a highway. The jury found for the plaintiffs. *Held,* that the last instruction was correct, that the other instructions were sufficiently favorable to the defendant, and that the case was rightly submitted to the jury.

Actions of tort to recover for injuries occasioned by a defect in a highway, which the defendant was bound to keep in repair. The cases were tried together in the Superior Court, before *Wilkinson*, J., who, after a verdict in each case for the plaintiff, allowed a bill of exceptions in substance as follows :

The plaintiffs were riding on the highway in an open wagon, with the horse at a walk, on Fast Day, April 3, 1873, and the accident occurred at about 5 o'clock in the afternoon.

Thomas Hill, one of the plaintiffs, testified that they were driving along, his daughter, the other plaintiff, having the reins; the horse was on the horse path and the wheels in the ruts; that the road at that time was rough, owing to the season; that there was mud and water in the road; that he had not seen the hole before; that he passed the place in the morning going to Providence, but was then leading his horse on the other side of the roadway, there being two carriage tracks, so that the horse was between him and this hole; that at the time of the injury the wagon went into the hole and brought up suddenly, because at the end it was abrupt, caused by the dropping down of the capstone of the culvert bridge; that he was then thrown out of the wagon by the striking of the wheel against the fallen capstone; that before that he had been looking the same as any other man riding in a carriage; that he was not looking to see a hole, and did not expect there was one there, and did not see it; that he was looking the same as any other man riding in a wagon; that his daughter, who was about twenty-four years old, had been accustomed to drive for many years.

*Cross-examined.* "The road was wide enough to go by safely, can't swear that I was looking at the road immediately before me; I saw the hole after I was thrown out; did n't see it before because I was n't looking at the road immediately before me; I can't say that I was looking right ahead just then; I was not exactly looking to see if the wheel was going into that place."

Elizabeth Hill, the other plaintiff, testified that she was accustomed to drive, and had been for years; that she was driving at the time; that the horse was a gentle one and was walking; that she had no previous knowledge of the defect in the road; that the wagon wheel went into the hole, and brought up abruptly where the capstone of the culvert had fallen in, and she was thrown against the horse, injuring her; that at the time she was driving along looking straight ahead with her eyes open, and the first she knew they were thrown out by the wagon getting into the hole; that the road was rough, and there was mud

and water on the road; that she did not see the hole before they went into it.

*Cross-examined.* "Father said nothing to me about the hole, nor I to him before the accident. I didn't see the hole because I was not looking. I was not looking in the ruts to see where the wheels were going. The wagon did not leave the ruts. We were looking ahead all the time, and not over the side, and not in the ruts."

Henry H. Goff, for the plaintiffs, testified that there were deep ruts all along there full of mud and water; that he saw this hole in the road when he went out to help the plaintiffs; that the stone had caved in, and that it was eighteen inches deep from the top of the capstone. It was two or three feet from the top of the road to the bottom of the hole.

Ezekiel C. Cushing, for the plaintiffs, testified that he was riding on the road in the morning before the accident, and saw the hole because he rode into it; that the hole was at the place where the capstone fell down, and that where the capstone had fallen it was eighteen or more inches deep; that after the accident he filled the hole, and it took a one half ox cart load of stones, and two thirds of a load of dirt on that to fill it; that the wagon must have gone into the hole gradually and brought up suddenly, where the stone had fallen in; that he dug away the earth and found the wall of the culvert had fallen down and the capstone had fallen in. The hole was four or five feet long and eighteen inches to two feet wide, and twenty-four inches deep. Any one could pass this hole that could drive. The road was broad and substantially level, and of ample width for two carriages to pass. There were no obstacles to the freest vision.

Leroy T. Bennett, for the plaintiffs, testified that he examined the place after the accident, and the cavity was from four to five feet long, fifteen inches wide, and he judged it eighteen or twenty inches deep; that he drove through it the Monday before.

David Allen, for the plaintiffs, testified that he saw the hole a few days before, and judged it to be about six feet long and eighteen or twenty inches wide; that he drove into it and was nearly capsized in the forenoon; and on his return avoided it.

James N. Goff, for the plaintiffs, testified: "Any man could have seen the hole if he had been upon the lookout. I saw it

an hour or two before the accident." *Cross-examined.* "Any man could see it if he wasn't a fool."

James E. Goff, for the plaintiffs, testified: "There was room enough to go by safely on the south side of the hole."

John C. Marvel, for the plaintiffs, testified: "I went by there the day before; remember it was a very bad hole; I turned out for it; say four feet long, and eighteen or twenty inches deep, with no water. I turned out and went right by."

Charles E. Jenks, for the plaintiffs, testified: "I went by in the afternoon of the day of the accident; saw the hole at the culvert; say eighteen inches wide, and eight inches deep. I saw it and turned out. It was no trouble to turn out and avoid the defect."

John Thacher, for the plaintiffs, testified: "There was some water in the ruts but it had nearly settled. The hole was thirty inches deep. I measured it with a stick to the bottom of the culvert. I was walking on the road at the time."

The above was all the evidence in the case affecting these exceptions.

The defendant requested the judge to give the following instructions to the jury, the first two of which were given as requested, and the last two refused:

"1. That if the plaintiffs, in the sunlight, and at a walk, upon a broad and substantially level road, with ample width for passing by the hole, went into a hole in a culvert bridge, which hole was three or four feet long, and two feet wide, and eighteen to twenty-four inches deep, conspicuous and obvious and in plain sight, they were not in the exercise of due care, or that care required of people driving on a road, unless they show some excuse for their inattention to their track.

"2. That the law requires of one riding in the daytime such attention to the road over which he is about to pass, as to see large holes that are conspicuous and obvious and in plain sight, unless some good and sufficient reason excuses the inattention.

"3. That no such excuse is offered in this case or shown by any evidence.

"4. That there is no evidence in this case of due care on the part of the plaintiffs or either of them."

At the conclusion of the charge the plaintiffs requested the following instruction to the jury, which was given against the defendant's objection : " It is enough if he looks ahead in such a manner as persons of ordinary prudence usually do in riding upon a highway."

The case was submitted to the jury under instructions upon the duty of the plaintiffs to exercise due care, which were not excepted to otherwise than as above. The jury returned a verdict for the plaintiffs ; and the defendant alleged exceptions.

*T. M. Stetson*, for the defendant.

*W. H. Cobb*, for the plaintiffs, was not called upon.

BY THE COURT. The instruction that it was enough if the plaintiff looked ahead in such a manner as persons of ordinary prudence do in riding upon a highway was correct. The other instructions were, to say the least, sufficiently favorable to the defendant. The case was rightly submitted to the jury.

*Exceptions overruled.*