### DANIEL CASEY vs. CITY OF MALDEN.

Middlesex.    March 11, 1895. — May 24, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Personal Injuries — Child — Negligence — Due Care.*

A boy of average intelligence, between nine and ten years of age, cannot recover for personal injuries sustained by falling into a man-hole in the public street of a city, if he voluntarily adopted a dangerous method of approaching the man-hole, and his injury was a natural consequence of his carelessness.

TORT, for personal injuries occasioned to the plaintiff by an alleged defect in a highway in the defendant city. Trial in the Superior Court, before *Maynard*, J., who ruled that, upon the whole evidence, the plaintiff could not recover, and directed a

verdict for the defendant, and reported the case for the determination of this court. If the ruling was correct, the verdict was to stand; otherwise, a new trial was to be ordered. The facts appear in the opinion.

*A. J. Daly*, for the plaintiff.

*O. H. Carpenter*, for the defendant.

LATHROP, J. The plaintiff, a boy between nine and ten years of age and of average intelligence, was injured by falling into a man-hole of a sewer, being constructed by the Metropolitan Sewerage Commissioners, acting under the St. of 1889, c. 439. The sewer was in a public street of the defendant city, and the man-hole, which was about three feet in diameter, had been left open and unguarded from eight o'clock in the morning until the time of the accident, which was between three and four o'clock in the afternoon. The plaintiff walked backward from the house where he lived, a distance of twenty-five or thirty feet, looking up at a boy and a girl on the roof of the house adjoining the one where he lived, until he fell into the man-hole. The mother of the plaintiff testified at the trial, but only as to the length of time the man-hole was open. There is nothing in her testimony to show any care exercised by her towards the plaintiff, or that she cautioned the plaintiff in regard to it. If the boy was too young to be trusted upon the street alone, the evidence does not show any exercise of care on the part of the mother, and this would prevent his recovery.

We assume, however, that a boy of average intelligence, between nine and ten years of age, may be trusted upon the street alone; and the question then is whether the judge rightly ruled that, upon the whole evidence, the plaintiff could not recover. We are of opinion that the ruling was right. The jury would not have been warranted in finding, upon the evidence, that the plaintiff was in the exercise of due care. The evidence was undisputed. The hole was in plain sight, if the plaintiff had looked. He voluntarily adopted a dangerous method of crossing a public street; and his injury was a natural consequence of his carelessness. *Messenger* v. *Dennie*, 137 Mass. 197, and 141 Mass. 335. *Gay* v. *Essex Electric Street Railway*, 159 Mass. 238.

*Verdict for the defendant to stand.*