ROBERTS v. CITY OF GLENS FALLS.

(Supreme Court, Appellate Division, Third Department. March 3, 1915.)

1. MUNICIPAL CORPORATIONS (§ 834*)—DUTY TO MAINTAIN STREET—OBSTRUCTION OF WATERWAY.

Whether or not a city held a fee to a street in which it claimed merely to hold an easement, it was bound to maintain such street, and in doing so could not obstruct a natural water course, or escape liability for damages from such obstruction, on the theory that an insufficient or defective culvert had been installed by a person under whom the city claimed to hold the alleged easement; every owner of premises through which a natural stream flows having the right to have the water pass unobstructed.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1784; Dec. Dig. § 834.*]

2. MUNICIPAL CORPORATIONS (§ 834*)—MAINTAINING HIGHWAYS—OBSTRUCTION OF WATERWAYS.

If a city, in maintaining its highway, was called on to construct a bridge or culvert, it was bound to have the bridge or culvert constructed with an opening of sufficient capacity to meet the ordinary exigencies of the climate and the situation of the stream, and such extraordinary exigencies as might be expected to occur, although infrequently.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1784; Dec. Dig. § 834.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, Warren County.

Action by Edwin R. Roberts against the City of Glens Falls. From a judgment in favor of plaintiff, and from an order denying new trial, defendant appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

J. Edward Singleton, of Glens Falls, for appellant.
Howard J. Bush, of Glens Falls, for respondent.

WOODWARD, J. The plaintiff is the owner of a parcel of land in the city of Glens Falls, through which a small brook, rising outside of his premises, flows. This brook leaves his premises at the margin of Murray street, following its regular course, and passes under the highway through a culvert. The premises through which Murray street is constructed, as well as the premises now owned by the plaintiff, were originally owned by the Morgan Lumber Company, and this company constructed the culvert above mentioned, subsequently conveying the fee of the street to the city of Glens Falls. There is no dispute that the culvert had been permitted to become obstructed by the accumulation of débris, gravel, etc., and the evidence is sufficient to justify the jury in finding that on the occasion of certain heavy rainfalls the water was backed up on the plaintiff's premises, working damages at least equal to the sum of $400, for which he has judgment against the defendant.

[1] The defendant appeals from the judgment, contending that the city of Glens Falls is not responsible for a failure to perform a governmental function, and that the damages are excessive. It seems to be the theory of the defendant that it has taken merely an easement in Murray street, that the culvert in question was constructed by its predecessor in right in such street, and that it is not responsible for the same because, in the exercise of its governmental powers, it has not chosen to take control of this street. We are of the opinion that this contention is entirely untenable. Without going into the question of whether the fee of the highway is in the city of Glens Falls, or in the Morgan Lumber Company, and the former appears to be the better contention, the defendant is certainly bound to maintain the street, and in doing this it could not obstruct a natural water course. In the construction and maintenance of a street it was bound to provide for taking care of the water of a natural water course, the same as any other person or corporation in possession of premises along the course of the stream.

[2]. Every owner of premises through which a natural stream flows has the right to have the water pass unobstructedly from his property. It is a natural right, inherent in the nature of the case (Scriver v. Smith, 100 N. Y. 471, 3 N. E. 675, 53 Am. Rep. 224) ; and if the defendant, in maintaining its highway, was called upon to construct a bridge or culvert (or to purchase its right in such highway with the bridge or culvert already in existence), it was bound to have that bridge or culvert constructed with an opening of sufficient capacity to meet the ordinary exigencies of the climate and the situation of the stream, and also such extraordinary exigencies as may reasonably be expected to occur, although infrequently. Greeley v. State of New York, 94 App.

Div. 605, 607, 88 N. Y. Supp. 468, and authorities there cited; New England Brick Co. v. State of New York, 151 App. Div. 274, 277, 278, 136 N. Y. Supp. 128, and authorities there cited. It likewise owed the duty of using reasonable care to see that the culvert did not become clogged and unfitted for the purpose for which it was designed (New England Brick Co. v. State of New York, supra), and the evidence in this case shows that the condition had existed for some time, that the attention of the mayor and at least one of the aldermen had been called to the situation, and that the city had failed and refused to correct the condition.

The judgment and order appealed from should be affirmed. All concur.