Frances McFarlane, Respondent, *v.* City of Niagara Falls, Appellant.

Municipal corporations — Niagara Falls (city of) — streets — nuisance — contributory negligence a defense to action for injury from nuisance originating in negligence — maintenance of sidewalk in dangerous condition a nuisance growing out of negligence — action for injury to traveler from stumbling over projection in walk — erroneous charge that contributory negligence though proved is not a defense.

1. Whenever a nuisance has its origin in negligence, one may not avert the consequences of his own contributory negligence by affixing to the negligence of the wrongdoer the label of a nuisance. In such a case a plaintiff though pleading nuisance, is under a duty to show care proportioned to the danger.

2. The maintenance by a municipality of a sidewalk in a dangerous condition, by reason of a projection of the cement walk, constitutes a nuisance growing out of negligence. The nuisance is not absolute. In an action, therefore, to recover for injury to a traveler, caused by her catching her heel against the projection and stumbling, plaintiff must show her freedom from contributory negligence, even though the case be tried upon the theory of nuisance. It is, accordingly, error for the trial judge to instruct the jury that contributory negligence, though proved, would not avail as a defense.

*McFarlane* v. *City of Niagara Falls*, 220 App. Div. 799, reversed.

(Argued January 13, 1928; decided February 14, 1928.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 7, 1927, unanimously affirming a judgment in favor of plaintiff entered upon a verdict.

*George W. Knox* for appellant. There is no absolute nuisance or nuisance *per se*. The city was authorized to construct this walk. It did not construct it without or against statutory authority. The trial and appellate courts have erred in applying authorities relating to absolute nuisance when this is an action for nuisance in fact. (*Melker* v. *City of New York*, 190 N. Y. 481; *Cuilo* v. *N. Y. Edison Co.*, 85 Misc. Rep. 6; *Berger* v. *Content*, 47 Misc. Rep. 391.) In nuisance in fact full knowledge by plaintiff and her voluntarily going into the situation as she undisputedly did in this case, precludes her recovery. (*Linzey* v. *Amer. Ice Co.*, 131 App. Div. 333; 197 N. Y. 605; *Dygert* v. *Schenck*, 23 Wend. 452; *McGinnis* v. *Hyman*, 63 Misc. Rep. 316; *Harlow* v. *Humiston*, 6 Cow. 192; *Chaffee* v. *Constr. Co.*, 77 Mich. 629; *Keating* v. *Metropolitan St. Ry. Co.*, 105 App. Div. 364; *Whalen* v. *Citizens Gas Light Co.*, 151 N. Y. 70.) The trial court erred in charging the jury that plaintiff " was bound to no special care in seeking to avoid any accident there, and that this plaintiff has a right to assume that the sidewalk and this part projecting was as safe as any other part of the sidewalk." (*Harlow* v. *Humiston*, 6 Cow. 192; *Williams* v. *City of New York*, 214 N. Y. 260; *Dygert* v. *Schenck*, 23 Wend. 452; *Irwin* v. *Sprigg*, 6 Gill, 200.) The trial court erred in charging the jury " that if the jury find that if the accident was caused by her negligence and by her negligence alone, or on account of a mishap or accident for which nobody was responsible why the plaintiff cannot recover. But if it was caused by the defendant maintaining a dangerous place there and that the maintenance of that dangerous

place was either the entire cause or was a part cause of this accident then the plaintiff can recover." (*Harlow* v. *Humiston*, 6 Cow. 192; *Dygert* v. *Schenck*, 23 Wend. 452; *Crommelin* v. *Coxe Co.*, 30 Ala. 329; *Irwin* v. *Sprigg*, 6 Gill. 200; *Flower* v. *Adam*, 2 Taunt. 314; *Lane* v. *Crombie*, 12 Pick. 177; *Linzey* v. *Amer. Ice Co.*, 131 App. Div. 333; 197 N. Y. 605; *Hunt* v. *Mayor of New York*, 109 N. Y. 140.)

*Francis T. Findley* for respondent. The action was properly submitted to the jury on a thoery of nuisance. (*Hogle* v. *Franklyn Mfg. Co.*, 199 N. Y. 388; *Herman* v. *City of Buffalo*, 214 N. Y. 318; *Landau* v. *City of ·New York*, 180 N. Y. 48; *Metzroth* v. *City of New York*, 241 N. Y. 470; *Klepper* v. *Seymour House Corp.*, 246 N. Y. 95; *Melker* v. *City of New York.*, 190 N. Y. 481; *Spier* v. *City of Brooklyn*, 139 N. Y. 6; *Linzey* v. *Amer. Ice Co.*, 131 App. Div. 333; *Clifford* v. *Dam*, 81 N. Y. 52; *McGuire* v. *Spence*, 91 N. Y. 305; *Callanan* v. *Gilman*, 107 N. Y. 360.) Contributory negligence, in its usual meaning, is not a defense in this case. (*Maltbie* v. *Bolting*, 6 Misc. Rep. 339; *Hogle* v. *Franklyn Mfg. Co.*, 199 N. Y. 388.)

Cardozo, Ch. J. Plaintiff, walking in the city of Niagara Falls, stumbled as she was stepping from the driveway to the walk. She caught her heel against a fan-like projection where the cement had melted and run. The projection jutted out about sixteen inches, and was irregular and slanting with declivities and hollows. The same conditions had existed since the construction of the walk two or three years before. The plaintiff lived in the neighborhood. She had noticed the projection at other times, though she had paid no particular attention to it. Her mishap occurred during an afternoon in late December after darkness had set in. She suffered injuries for which she sued.

The case was tried upon the theory of nuisance. The

jury were told in substance that a nuisance existed if the city maintained the walk in a dangerous condition. Danger, we think, there was in unreasonable degree, or so a jury might find. A traveler is not always on his guard against a projection so unusual. He measures his gait in the belief that he has a clear space ahead of him before stepping on the walk. He is taken by surprise when something strikes against his heel and stays the motion of his foot. A prudent municipality would know that if this should come to pass, there would be danger more than fanciful.

If danger there was, then also there was nuisance, though nuisance growing out of negligence. Nuisance as a concept of the law has more meanings than one. The primary meaning does not involve the element of negligence as one of its essential factors (*Heeg* v. *Licht*, 80 N. Y. 579). One acts sometimes at one's peril. In such circumstances, the duty to desist is absolute whenever conduct, if persisted in, brings damage to another (21 Halsbury, Laws of England, p. 507, § 845). Illustrations are abundant. One who emits noxious fumes or gases day by day in the running of his factory may be liable to his neighbor though he has taken all available precautions (*McCarty* v. *Nat. Carbonic Gas Co.*, 189 N. Y. 40). He is not to do such things at all, whether he is negligent or careful. One who digs a hole in the highway will not be heard to say if he dug it without license that the guards placed about it were destroyed without his fault (*Congreve* v. *Smith*, 18 N. Y. 79; *Wolf* v. *Kilpatrick*, 101 N. Y. 146). He was a wrongdoer in digging, and diligence in guarding does not eradicate his fault. Other situations there are, however, where what was lawful in its origin may be turned into a nuisance by negligence in maintenance. The coal hole, built under a license, may involve a liability for nuisance, if there is negligence in covering it (*Trustees of Canandaigua* v. *Foster*, 156 N. Y. 354). The tumbledown house abutting on a highway is trans-

formed into an unlawful structure if its ruinous condition is a menace to the traveler (*Timlin* v. *Standard Oil Co.*, 126 N. Y. 514). In these and like situations, the danger being a continuing one, is often characterized as a nuisance, though dependent upon negligence. Indeed, one of the most familiar instances of nuisance is a highway out of repair (Pollock, Torts [10th ed.], p. 1016). Narrow, too, is the line between nuisance and negligence. One can create a nuisance by leaving a wagon in the street (*Cohen* v. *Mayor, etc., of N. Y.*, 113 N. Y. 532). If the danger threatens the public, the nuisance is classified as common; private, if it threatens one person or a few (Halsbury, *supra*, p. 515, § 865).

We have gone into these distinctions for their bearing on the law of contributory negligence. The trial judge told the jury that contributory negligence, though proved, would not avail as a defense. If the defendant was at fault at all, liability would follow, though plaintiff was at fault also. His final word was this: " I intended to charge that if the jury found that the accident was caused by her negligence, and her negligence alone, or on account of a mishap or accident for which nobody was responsible, the plaintiff cannot recover. But if it was caused because the defendant maintained a dangerous place there, and the maintenance of that dangerous place either was the entire cause or was a part cause of this accident, then the plaintiff can recover."

We think the charge was error.

Not a little confusion runs through the reports as to the effect of contributory negligence upon liability for nuisance. Statements appropriate enough in their application to nuisances of one class have been thoughtlessly transferred to nuisances of another. There has been forgetfulness at times that the forms of actions have been abolished, and that liability is dependent upon the facts and not upon the name. Confining ourselves now to the necessities of the case before us, we hold that whenever

a nuisance has its origin in negligence, one may not avert the consequences of his own contributory negligence by affixing to the negligence of the wrongdoer the label of a nuisance (*Junkerman* v. *Tilyou Realty Co.*, 213 N. Y. 404, 408; *Uggla* v. *Brokaw*, 117 App. Div. 586, 591; *Lusk* v. *Peck*, 132 App. Div. 426, 432; 199 N. Y. 546; *Hartman* v. *Lowenstein*, App. Term, 90 Misc. Rep. 686, 689). Very often the sufferer is at liberty to give to his complaint either one label or the other. It would be intolerable if the choice of a name were to condition liability. The snow or ice suffered by a municipality to remain upon the walk is one wrong, and one only, whatever the traveler may call it (*Williams* v. *City of N. Y.*, 214 N. Y. 259).

The cases in this court hold nothing to the contrary.

*Clifford* v. *Dam* (81 N. Y. 52) was a case of injury to a traveler through an opening in a highway. License was not pleaded. We held that unless pleaded, it might not be proved. The defendant, therefore, was a wrongdoer, and subject to a liability not dependent upon negligence. Much of what was said as to contributory negligence was unnecessary to the decision. The trial judge had not charged that contributory negligence would not affect a recovery. On the contrary, he had charged (as an examination of the record shows) that the plaintiff must fail "if by any negligence on his part he contributed to the injury, no matter in how slight a degree." What followed was explanatory of the meaning of contributory negligence in the situation then at hand. The jury were reminded that the plaintiff was lawfully upon the highway. "He was in a position where he was not bound to keep a special lookout for pitfalls; he had a right to assume that the public highway would be safe for all travelers; and he had a right to act on that assumption." To this there was no exception. There was little more than an expansion of the same thought in the opinion rendered here.

*McGuire* v. *Spence* (91 N. Y. 303, 305) was another case

of an uncovered opening. It was decided upon an assumption for the purpose of an appeal that contributory negligence, if proved, would have been an obstacle to relief. All that was held was that the jury were at liberty to find that such negligence was absent. " Negligence," it was said, " is a relative term." " One who passes along a sidewalk has a right to presume it to be safe." There is no duty to be alert for danger where none should be expected (cf. *Mullins* v. *Siegel-Cooper Co.*, 183 N. Y. 129, 138; *Jennings* v. *Van Schaick*, 108 N. Y. 530).

*Nolan* v. *King* (97 N. Y. 565, 571, 572) supplements very neatly the ruling in *McGuire* v. *Spence* (*supra*). It shows how there comes, with changed expectations of the likelihood of danger, a changed standard of precaution. There a temporary bridge had been laid over a walk while the work of building was under way. The bridge, though put up under permit, was said to be unsafe. The court held that a passenger was not at liberty to cross with as little heed and care as upon a completed pavement.

*Kelly* v. *Doody* (116 N. Y. 575) was a case of an excavation in a street. Plaintiff, who lived nearby, had knowledge of the trench, for which a permit had been issued. A charge that a recovery would not be affected by contributory negligence, was held to be erroneous. " The action does not belong to that class of actions where the obstruction in a street is without authority and wholly wrongful, such as the case of *Clifford* v. *Dam* (81 N. Y. 52), and the cases there cited."

*Weston* v. *City of Troy* (139 N. Y. 281) is a case of a fall upon ice, and *Whalen* v. *Citizens' Gas Light Co.* (151 N. Y. 70) one of a fall upon a flagstone. In each there was a ruling that a traveler who sees the danger must use reasonable care to overcome or escape it. " The presumption which a wayfarer may indulge, that the streets of a city are safe, and which excuses him from maintaining a vigilant outlook for dangers and defects,

has no application where the danger is known and obvious " (*Weston* v. *City of Troy, supra*).

The danger may be so apparent that a traveler ought to have seen it, though he professes he did not (see *Whalen* v. *Citizens' Gas Light Co., supra*, p. 73; *Mosheuvel* v. *District of Columbia,* 191 U. S. 247). A presumption of safety will not serve as an excuse for blind indifference to consequences. One must use the streets as others use them (cf. *Casey* v. *City of Malden*, 163 Mass. 507). The wayfarer, who has the sense of sight, is not to close his eyes or travel as one blind (*Davenport* v. *Ruckman*, 37 N. Y. 568). The driver is not to fling aside the reins, and rush headlong into the ditch. We said of the plaintiff in the *Whalen* case: " It is difficult to conceive how she could have avoided seeing the obstacle unless she was heedlessly proceeding in utter disregard of the precautions usually taken by careful and prudent people " (151 N. Y. at p. 74). If so, the fault was hers.

The rule to be extracted from these and like cases (*e. g., Chisholm* v. *State*, 141 N. Y. 246; *Morrell* v. *Peck*, 88 N. Y. 398; *Minick* v. *Troy*, 83 N. Y. 514) may now be formulated. At least where the substance of the wrong is negligence, a plaintiff, though pleading nuisance, is under a duty to show care proportioned to the danger. Reasonable care is merely care so proportioned. The danger may be seen or unseen. If seen, there must be effort to avoid it. If unseen, the inquiry will be whether one using a street as travelers commonly do, would perceive the danger, and escape it. The relativity of the concept of negligence is to be kept in mind throughout. Movement on a highway is not governed by a special rule unknown to movement elsewhere. One who walks through the aisle of a department store at the invitation of the proprietor does not look for traps and obstacles any more than on a street if there is nothing to suggest them. The act should fit the need (cf. Shearman & Redfield on Negligence, § 375, and cases there cited).

What we rule in this case is limited to a situation where negligence is the basis of the nuisance, and this for the reason that nothing more is called for by the facts. The defendant was not doing an act inherently unlawful when it paved the city streets. Power to regulate the streets had been given by the charter. What was dangerous and wrong did not inhere in the work contracted to be done, but in the manner of its doing (*Hyman* v. *Barrett*, 224 N. Y. 436, 439). The nuisance was not absolute.

In thus limiting our ruling, we are not to be understood as holding by implication that where the nuisance *is* absolute, the negligence of the traveler is a fact of no account. One of the earliest cases in the books on the subject of contributory negligence is *Butterfield* v. *Forrester* (11 East, 60). A pole had been placed across a highway. There was thus a nuisance in the strictest sense. Plaintiff riding violently ran into the pole, and was hurt. The court did not hold that his fault was immaterial. Bayley, J., at the trial instructed the jury that if a person could have seen and avoided the obstruction, and if they were satisfied that the plaintiff was riding along the street extremely hard and without ordinary care, they should find for the defendant, which they accordingly did. Lord Ellenborough, C. J., in refusing a new trial, laid down the rule of law: " One person being in fault will not dispense with another's using ordinary care for himself. Two things must concur to support this action, an obstruction of the road by the fault of the defendant, and no want of ordinary care to avoid it on the part of the plaintiff." (*Butterfield* v. *Forrester* has been a leading case in England (1 Beven on Negligence [2d ed.], p. 169; Pollock on Torts [10th ed.], p. 487; Salmond on Torts [3d ed.], pp. 34, 36) and has been recognized as law in decisions in this State (*Harlow* v. *Humiston*, 6 Cow. 189, 191; *Dygert* v. *Schenck*, 23 Wend. 446; cf. *Congreve* v. *Smith*, 18 N. Y. 79; *Corcoran* v. *City of N. Y.*, 188 N. Y.

131, 140; *Smith* v. *Smith,* 2 Pick. 621; *Hill* v. *Seekonk,* 119 Mass. 85). Very likely the breadth of its pronouncement calls for revision and restriction. A clew to these will be found in cases such as *Muller* v. *McKesson* (73 N. Y. 195, 201) and *Lynch* v. *McNally* (73 N. Y. 347) defining liability for a particular kind of nuisance, the harboring of vicious animals (cf. Bohlen, Studies in the Law of Torts, p. 514). In nuisance of that order, the fault that bars recovery is fault so extreme as to be equivalent to invitation of injury or, at least, indifference to consequences. Here is a borderland where the concept of contributory negligence merges almost imperceptibly into that of acceptance of a risk (Bohlen, *supra,* p. 500; Warren, *Volenti non fit injuria,* 8 Harv. L. R. 457, 459, 461). Very often the difference is chiefly one of terminology. In strictness, however, to make out acceptance of the risk there must be foresight of the consequences (*Smith* v. *Baker,* 1891, A. C. 325, 337, 355; *Larson* v. *Nassau El. R. R. Co.,* 223 N. Y. 14; Warren, *supra*). Behavior so reckless as to indicate indifference to peril on the part of a person of normal understanding may turn out in a given instance to be only contributory negligence, as where a drunken man, unable to measure the risk, drives madly through a crowded street. We have never yet held that fault so extreme can co-exist with a right of action for damages, however absolute the nuisance (cf. *Chisholm* v. *State,* 141 N. Y. 246; *Morrell* v. *Peck,* 88 N. Y. 398; *Minick* v. *City of Troy,* 83 N. Y. 514, cases of unguarded openings in streets and bridges). Much depends upon the question, what use of a highway would be reasonable and fitting if the nuisance were not there. The owner of land who casts noisome smells into my house will not be heard to say that I could shut them out with greater care in closing doors and windows. He may not thus limit a use that except for his encroachments would be appropriate and natural. But highways have their dangers that would remain to place limits upon

user if nuisances were unknown. There would still be obstacles incidental to the manner of their layout and others incidental to the traffic of pedestrians and vehicles. Street risks are a by-word in law as well as life (*Matter of Katz* v. *Kadans & Co.*, 232 N. Y. 420). The privilege of user is thus conditional and relative. The traveler is at fault if he abuses it. He must keep within the bounds of conduct proper to a traveler, and this for the safety of others as well as for his own.

When a case of absolute nuisance shall be here, there will be need to determine whether contributory negligence in any sense is a factor to be weighed in determining liability. The factor is not eliminated by saying that to make out contributory negligence in situations of that order the conduct, if attributed to a man of normal understanding, must betoken indifference to consequences, known or unknown. This may be merely to say in other words that there is a duty of reasonable vigilance in proportion to the risk. Very often, something close to indifference must appear though the basis of liability is nuisance growing out of negligence (*McGuire* v. *Spence, supra*). There are times even then, as we have already pointed out, when fault must approach a complete abandonment of caution to make out the absence of ordinary care. We leave the question open whether in cases of absolute nuisance affecting travel on a highway, the test is greatly different.

What remains is to apply the law here stated to the facts. The plaintiff had observed this projection during her walks about the neighborhood. She could hardly fail to observe it, for it was sixteen inches long. She does not tell us how easily it could be seen in the conditions of light and shadow prevailing when she fell. She does not even say whether she saw it. She rests her case upon the statement that catching her heel on the cement, she was thrown to the ground. We are far from holding that a jury, applying to her conduct the appropriate standard

of vigilance, should have found her at fault. There was error in instructing them that even though they did, the fault was immaterial.

The judgment of the Appellate Division and that of the Trial Term should be reversed and a new trial granted with costs to abide the event.

POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgments reversed, etc.