WILLIAM E. SMITH, Plaintiff, *v.* VILLAGE OF VICTOR, Defendant.

Supreme Court, Ontario County, October 14, 1929.

*Webster & Smith* [*Franklin H. Smith* of counsel], for the plaintiff.

*Lapham, McGreevy & Ryan* [*Nathan D. Lapham* of counsel], for the defendant.

TAYLOR, J. The complaint alleges that plaintiff is the owner of a building situated on lands in the village of Victor adjacent to a stream which is carried through a culvert under the highway in said village; that in November, 1927, the culvert became obstructed by a wagon wheel or other debris lodging against a projection extending from the top of the culvert into the stream; that in July, 1928, rains fell upon the watershed and, as a result of the obstruction caused by the accumulation of debris in the culvert, plaintiff's premises were flooded and the foundation walls of his building damaged. It is further alleged that the defendant village knew of the obstructed condition of the culvert or could have discovered and remedied it if reasonable care and diligence had been exercised, and that by reason of the existence of the obstructed condition of the culvert for so long a period of time, the defendant thereby created, maintained and permitted a nuisance to exist therein, and that damages were sustained by reason of the nuisance.

The defendant's motion is for an order dismissing the complaint on the ground that it does not state a cause of action by reason of the failure to allege the filing of a statement of claim, pursuant to the provisions of section 341 of the Village Law (as amd. by Laws of 1927, chap. 650). Said section, in so far as material, reads as follows: " No action shall be maintained against the village for damages for a personal injury or an injury to property alleged to have been sustained by reason of the negligence of the village or of any officer, agent or employee thereof, *.* * unless a written verified statement of the nature of the claim and of the time and place at which such injury is alleged to have been received shall have been filed with the village clerk within thirty days after the cause of action shall have accrued."

The culvert was not constructed by the village but it (the village) was charged with its maintenance as a part of the highway. Its legal duty in the maintenance of the culvert was that of using reasonable care to see that it did not become clogged and unfitted for the purpose for which it was designed. (*Roberts* v. *City of Glens Falls*, 166 App. Div. 464.)

Disregarding the label which plaintiff has affixed to his complaint, it appears that his claim is founded upon the failure of the defendant to perform its duty. If the provisions of section 341 of the Village Law are not applicable, the complaint states a good cause of action; if applicable, it does not, as the filing of the statement is a condition precedent to the commencement of the action and should be affirmatively alleged and proved by the plaintiff. (*Reining* v. *City of Buffalo*, 102 N. Y. 308; *Winter* v. *City of Niagara Falls*, 190 id. 198; *Carson* v. *Village of Dresden*, 202 id. 414.)

Plaintiff contends that the provisions of said section 341 of the Village Law do not apply in his case for the reason that his cause of action is based on nuisance rather than negligence; that it is alleged in his complaint that the defendant maintained a nuisance and that the damage to his property resulted therefrom.

It is said that the line between nuisance and negligence is narrow. (*McFarlane* v. *City of Niagara Falls*, 247 N. Y. 340; *Hogle* v. *Franklin Mfg. Co.*, 199 id. 388, 393.) It becomes narrow, however, only when an attempt is made to distinguish between negligence and nuisance that results from negligence. In the *Hogle* case the court said: " The line between protracted and habitual negligence and nuisance is not easily drawn and facts may exist which call for damages on either theory when the pleadings are appropriate, as in this case, to either kind of relief." In the *McFarlane* case it is pointed out that the forms of actions have been abolished and that liability is dependent upon the facts and not upon the name. " Very often the sufferer is at liberty to give to his complaint either one label or the other. It would be intolerable if the choice of a name were to condition liability."

From the foregoing and other cases where the distinction between nuisance and negligence has been discussed (*Herman* v. *City of Buffalo*, 214 N. Y. 316; *Junkerman* v. *Tilyou Realty Co.*, 213 id. 404; *Hayes* v. *Brooklyn Heights R. R. Co.*, 200 id. 183), we draw the conclusion that in actions where nuisance is based on negligence, the rules applicable to negligence will be applied in so far as they may be pertinent to the facts disclosed.

In the case of *Hayes* v. *Brooklyn Heights R. R. Co.* (*supra*) the defendant had suffered and permitted the portion of the street that it was obligated to keep in repair to become and continue out of repair and a rut or hole to be formed therein. Plaintiff stepped into the hole while crossing the street and suffered injuries. The defense was the Statute of Limitations, under which it is provided that an action to recover damages for a personal injury, " except in a case where a different period is expressly prescribed in this article," shall be brought within six years, and it is further provided that an action to recover damages for a personal injury resulting from negligence shall be brought within three years. In holding that the three-year statute applied, the court said: " But where the obstruction to a public street has resulted from other causes or from the acts of others than that of the municipality, a different rule obtains with reference to its liability. In such cases the municipality is not the creator of the nuisance but it becomes its duty to abate and remove the same, to the end that the public may pass safely over the public street. It is not called

upon to abate and remove until it has notice of the existence of the obstruction, or such time has elapsed after the existence of the obstruction as wi'l raise a presumption that the municipality or its officers had notice, or in the exercise of due diligence should have had such notice. In such cases the failure to abate or remove the obstacle involves a question of negligence. For, if it proceeds with reasonable diligence to remove the same no recovery can be had against the municipality. But if it unreasonably suffers the nuisance to exist it does so by reason of its negligence and such becomes the basis of its liability."

Applying the principles to be extracted from the foregoing cases, it must be held that plaintiff was required to file the statement of claim required by section 341 of the Village Law. The facts alleged in plaintiff's complaint present a question of negligence and, even though a nuisance may have resulted by reason of the continued negligence, the damage was sustained by reason of the negligence of the village in failing to perform its duty of using reasonable care to see that the culvert had become obstructed. Negligence is the basis of its liability.

The motion to dismiss the complaint is granted, with ten dollars costs.

An order in accordance herewith may be submitted for signature.