GARFIELD BOX COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. CLIFTON PAPER BOARD CO., INC., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPEL-LANT.

Submitted October 1, 1940—Decided January 17, 1941.

Before Justices Trenchard, Bodine and Porter.

For the plaintiff-respondent, *Charles J. Bodner.*

For the defendant-appellant, *Milton M. Unger.*

The opinion of the court was delivered by

Porter, J. The plaintiff and defendant are both engaged in industrial manufacturing operations in the same locality, their factories being on opposite sides of Ackerman avenue, Clifton. The action was for damages alleged to have been suffered by the plaintiff because of smoke, cinders and soot discharged on its plant, machinery and manufactured goods, from the premises of the defendant. The trial court, sitting without a jury, rendered a verdict for the plaintiff for $500.

The appeal is based upon two points. First, because there was no evidence upon which the judgment can be sustained. Second, because the court erred in not granting motions for nonsuit or directed verdict for the defendant.

We do not entertain those views.

The state of demand sets out in one count two allegations on which the action was based. Those were that defendants maintained an absolute nuisance and was negligent in the operation of its factory. The case was tried on those theories.

The testimony was that soot and cinders from the defendant's factory chimney were constantly falling and coming into and onto the plaintiff's factory; that it came in substantial quantities making necessary daily dusting and cleaning in

order to prevent damage to its manufactured goods. That despite protective measures its goods were damaged by the dirt and some were rejected by its customers and returned as unsatisfactory; certain machinery was damaged and repairs to it made necessary. In addition, damages were claimed because of the cost of labor in dusting and cleaning.

The defendant sharply disputed the question of liability producing testimony that its fuel was properly used and fully consumed and that the soot and cinders did not come from its chimneys. It also argues that the damages were not established.

It was for the trial court to weigh the testimony and find the facts. Where, as here, there was testimony which supports the findings of fact this court will not review it.

The operation of a manufacturing plant in such a manner as to injure others is an act of negligence which results in a nuisance for which the wrongdoer is responsible. *Hinmon* v. *Somers Brick Co.,* 75 *N. J. L.* 869. A nuisance may be a private and a public one at the same time. 46 *Corp. Jur.* 646; *Roessler and Hasslacher Chemical Co.* v. *Doyle,* 73 *N. J. L.* 521; *Cronin* v. *Bloemecke,* 58 *N. J. Eq.* 313. If a public nuisance the wrongdoer is responsible for resulting damages despite the degree of care exercised to prevent it. *McAndrews* v. *Collerd,* 42 *N. J. L.* 189; 46 *Corp. Jur.* 663. Contributory negligence is not a defense to a public nuisance but assumption of risk is. *Thompson* v. *Petrozzello,* 5 *N. J. Mis. R.* 645; *Hammond* v. *Monmouth,* 117 *N. J. L.* 11.

In *McFarlane* v. *Niagara Falls,* 247 *N. Y.* 340; 160 *N. E. Rep.* 391, Cardozo, C. J., said:

"The owner of land who casts noisome smells into my house will not be heard to say that I could shut them out with greater care in closing doors and windows. He may not thus limit a use that except for his encroachments would be appropriate and natural."

The judgment is affirmed, with costs.