## MADELEINE M. HARTNETT, ADMINISTRATRIX, ET AL.
### *vs.*
## CITY OF STAMFORD

Superior Court          Fairfield County          File No. 64085

MEMORANDUM FILED MARCH 23, 1942.

*Maurice J. Buckley,* of Stamford, for the Plaintiffs.

*Joseph J. Rinaldi,* of Stamford, for the Defendant.

FOSTER, J.    The plaintiffs base their action on an alleged nuisance maintained by the defendant city.   In its first special defense the defendant alleges that the plaintiffs' decedents were guilty of acts of contributory negligence which were proximate causes of their injuries and deaths.   To this defense the plaintiffs demur upon the claim that the complaint sets forth a condition constituting a nuisance in law, not a nuisance in fact.

"The applicability and effect of contributory negligence upon liability for nuisance is one of considerable difficulty and conflict of authority, as appears by the extensive and illuminating discussion of the subject in an opinion by Cardozo, C.J., in *McFarlane vs. Niagara Falls,* 247 N.Y. 340, 160 N.E. 391.   It is there held (pp. 347, 348) that 'at least where the substance of the wrong is negligence, a plaintiff, though pleading nuisance, is under a duty to show care proportioned to

the danger. Reasonable care is merely care so proportioned. The danger may be seen or unseen. If seen, there must be effort to avoid it. If unseen, the inquiry will be whether one using a street as travelers commonly do, would perceive the danger, and escape it.... What we rule in this case is limited to a situation where negligence is the basis of the nuisance.... In thus limiting our ruling, we are not to be understood as holding by implication that where the nuisance is absolute, the negligence of the traveler is....of no account.' In nuisance of that order, the fault that bars recovery is fault so extreme as to be equivalent to invitation to injury or, at least, indifference to consequences." *Hoffman vs. Bristol,* 113 Conn. 386, 393.

As a second special defense the defendant alleges that the plaintiffs instituted actions for the deaths of their decedents against the owner of an automobile who caused the deaths by negligence, and that each suit and claim was compromised by the payment of $4,000.

Upon the theory of the plaintiffs, if there were many defendants, the plaintiffs could bring separate suits against each, and the recovery against one would not limit the recovery against any other one. The statute is as follows: "In any action surviving to or brought by an executor or administrator for injuries resulting in death, whether instantaneous or otherwise, such executor or administrator may recover from the party legally at fault for such injuries just damages not exceeding fifteen thousand dollars, provided no action shall be brought to recover such damages but within one year from the neglect or fault complained of." (Supp. [1939] §1430e.)

In this case there is no question of contribution among defendants. It is a question of limit of recovery created by statute.

The demurrer to the special defenses is overruled.