EVA F. HARTMAN, ADMINISTRATRIX AD PROSEQUEN-
DUM AND EVA F. HARTMAN, ADMINISTRATRIX OF
THE ESTATE OF HARRY HARTMAN, DECEASED,
PLAINTIFF-RESPONDENT, v. CITY OF BRIGANTINE
AND COUNTY OF ATLANTIC, DEFENDANTS-APPEL-
LANTS.

Argued February 11, 1957—Decided March 11, 1957.

*Mr. Harry Miller* argued the cause for the appellant County of Atlantic.

*Mr. Herbert Horn* argued the cause for the appellant City of Brigantine (*Messrs. Lloyd, Horn, Megargee & Steedle,* attorneys).

*Mr. Josiah E. DuBois, Jr.,* argued the cause for the respondent (*Messrs. Josiah E. DuBois, Jr.,* and *Madison S. DuBois,* attorneys).

The opinion of the court was delivered by

JACOBS, J.   The Appellate Division, in an opinion by Judge Conford, set forth the pertinent facts and legal principles and properly held that the evidence was sufficient to call for retrial and jury determination on the primary issues of negligent misfeasance (active wrongdoing) and con-

tributory negligence. *Hartman v. City of Brigantine*, 42 *N. J. Super.* 247 (*App. Div.* 1956). We affirm thereon and consider it necessary to deal only with the plaintiff's additional contention that the defense of contributory negligence is inapplicable and should not be submitted to the jury on the retrial.

█ If this were an ordinary negligence action against private litigants no question would be raised as to the applicability of the defense of contributory negligence. Notwithstanding statutory proposals to modify the rigors of the defense, it remains largely unaffected by legislation in our State and many of the other states. And though courts have been viewing the defense with increasing disfavor they recognize its effect and the irrelevancy of the comparative degrees of negligence between the parties. Many years ago Justice Depue expressed New Jersey's position in terms which still hold true:

"In this state the established rule is that if the plaintiff's negligence contributed to the injury, so that, if he had not been negligent, he would have received no injury from the defendant's negligence,—the plaintiff's negligence being proximately a cause of the injury,—he is without redress, unless the defendant's act was a willful trespass, or amounted to an intentional wrong, and in such a case the comparative degree of the negligence of the parties will not be considered. *New Jersey Express Co. v. Nichols*, 33 *N. J. L.* [434] 435, 4 *Vroom* [434] 435; *Pennsylvania R. R. Co. v. Righter*, 42 *N. J. L.* 180, 13 *Vroom* 180." *Menger v. Laur*, 55 *N. J. L.* 205, 215 (*Sup. Ct.* 1893).

See *Maccia v. Tynes*, 39 *N. J. Super.* 1, 7 (*App. Div.* 1956); *Prosser, Torts* (2d ed. 1955), 283, 290; 2 *Harper and James, Torts* 1193, 1213 (1956). Compare Bress, "*Comparative Negligence*," 43 *A. B. A. J.* 127 (1957), with *Harkavy*, "*Comparative Negligence*," 80 *N. J. L. J.* 97 (1957).

█ The plaintiff does not dispute the foregoing but stresses that her action is not against private litigants but is against municipal corporations for active wrongdoing in the maintenance and care of a public highway; she urges that her claim is not grounded on negligence and relief should not be barred by contributory negligence. Much has

recently been written in our State with regard to the expanding tort liability of municipal corporations. See *Cloyes v. Township of Delaware,* 23 *N. J.* 324 (1957); *Taylor v. New Jersey Highway Authority,* 22 *N. J.* 454 (1956); *Casale v. Housing Authority, City of Newark,* 42 *N. J. Super.* 52 (*App. Div.* 1956); *Kelley v. Curtiss,* 29 *N. J. Super.* 291 (*App. Div.* 1954), reversed 16 *N. J.* 265 (1954). While active wrongdoing still remains the basis of municipal liability it is sufficient if there has been a "negligent act of commission." *Milstrey v. City of Hackensack,* 6 *N. J.* 400, 408 (1951); *Allas v. Borough of Rumson,* 115 *N. J. L.* 593, 595 (*E. & A.* 1935). And the more recent cases have displayed a just readiness in finding that the negligent conduct of the defendant municipality in the maintenance and care of the highway included affirmative action which would support a jury determination of active wrongdoing. See *Latzoni v. City of Garfield,* 22 *N. J.* 84, 94 (1956); *Taverna v. Hoboken,* 43 *N. J. Super.* 160, 165 (*App. Div.* 1956), certification denied 23 *N. J.* 474 (1957). *Cf. Milstrey v. City of Hackensack, supra; Allas v. Borough of Rumson, supra.*

In the *Milstrey* case the plaintiff was injured when she caught her heel in a broken and depressed sidewalk which had been negligently resurfaced by the defendant municipality. She recovered a judgment which was first sustained by the Appellate Division (8 *N. J. Super.* 221 (*App. Div.* 1950)) and later by this court. 6 *N. J.* 400 (1951). Justice Heher's opinion pointed out that the danger to the plaintiff arose from "a nuisance growing out of negligence" and that the jury was properly permitted to find that there had been an affirmative act of wrongdoing. On the issue of contributory negligence he noted that the jury had been instructed that the plaintiff could not recover if she had been guilty of contributory negligence, and he stressed that the proper standard of care was that which "a reasonably prudent person would have exercised under like circumstances." See 6 *N. J.,* at *page* 413. In *Fredericks v. Town of Dover,* 125 *N. J. L.* 288 (*E. & A.* 1940), the Court of Errors and Appeals sus-

tained the plaintiff's recovery for injuries suffered when she
fell on a metal covering of a storm gutter located within the
street lines of Mount Hope Avenue in the Town of Dover.
It held that the evidence was sufficient to support findings
that there had been active wrongdoing on the part of the
town and no contributory negligence on the part of the
plaintiff. *Cf. Kress v. City of Newark,* 8 *N. J.* 562, 575
(1952); *Kelley v. Curtiss, supra,* 16 *N. J.,* at *pages* 272, 273.

In *Hammond v. County of Monmouth,* 117 *N. J. L.* 11
(*Sup. Ct.* 1936), the plaintiff was injured when the truck
he was driving dropped into a highway excavation which the
defendant county had made in order to repair bricks in a
culvert. The jury's finding for the plaintiff was sustained
upon the view that it could have concluded that "there were
neither proper or sufficient lights nor barriers around the
excavation." The court rejected the contention that the
defense of contributory negligence had been wrongfully
excluded; it took the position that the defendant had inten-
tionally created an "absolute nuisance" to which contributory
negligence could not in any event be asserted as a defense.
See *Thompson v. Petrozzello,* 5 *N. J. Misc.* 645, 648 (*Sup.
Ct.* 1927); *Note, "Nuisance—Contributory Negligence As
Defense,"* 35 *Mich. L. Rev.* 684 (1937). But this seemingly
placed undue emphasis on the label rather than the substance
and has been criticized by Dean Prosser (*supra,* at 423, *n.* 58)
who suggests that the defendant county's action was not
an intentional wrongdoing but the negligent creation of a
risk. See *Milstrey v. City of Hackensack, supra; Fredericks
v. Town of Dover, supra. Cf. Note, "Nuisance or Negligence:
A Study in the Tyranny of Labels,"* 24 *Ind. L. J.* 402 (1949);
*Messier v. City of Clifton,* 24 *N. J. Super.* 133, 140 (*App.
Div.* 1952), certification granted 12 *N. J.* 247 (1953);
*Cochran v. Public Service Electric Co.,* 97 *N. J. L.* 480
(*E. & A.* 1922).

In the leading case of *McFarlane v. City of Niagara Falls,*
247 *N. Y.* 340, 160 *N. E.* 391, 57 *A. L. R.* 1 (1928), the
plaintiff was injured when she caught her heel against a
fanlike projection in a sidewalk negligently constructed by

the City of Niagara Falls. She brought an action sounding in nuisance and obtained a favorable verdict. On appeal, it was urged by the city that the trial court had erred in excluding contributory negligence as a defense. In sustaining the city's contention and directing a new trial, Chief Judge Cardozo set forth principles which may appropriately be applied to the case at hand. He stressed that nuisance as a concept in law has variable meanings. Thus, it is applied to circumstances where the defendant acts at his peril, and issues of negligence and contributory negligence have little or no bearing—"one who emits noxious fumes or gases day by day in the running of his factory may be liable to his neighbor though he has taken all available precautions." *McFarlane v. City of Niagara Falls, supra,* 160 *N. E.,* at page 391. *Cf. Melucci v. Eagan,* 124 *N. J. Eq.* 241 (*E. & A.* 1938); *Garfield Box Co. v. Clifton Paper Board Co., Inc.,* 125 *N. J. L.* 603 (*Sup. Ct.* 1941). On the other hand, it is also applied to circumstances where the defendant's liability truly depends on negligence and where contributory negligence should be available as a defense—"one of the most familiar instances of nuisance is a highway out of repair." *McFarlane v. City of Niagara Falls, supra,* 160 *N. E.,* at page 392. See *Seavey, "Nuisance: Contributory Negligence and Other Mysteries,"* 65 *Harv. L. Rev.* 984, 994 (1952): "Even if contributory negligence is no longer a favored defense, it should not be denied in sporadic cases by the use of an artificial technique." *Cf. Milstrey v. City of Hackensack, supra; Schiro v. Oriental Realty Co.,* 272 *Wis.* 537, 76 *N. W.* 2d 355 (1956); *Taylor v. City of Cincinnati,* 143 *Ohio St.* 426, 55 *N. E.* 2d 724 (1944). The operative facts rather than the label should control and the result should justly be the same though the plaintiff affixes a nuisance label to the defendant's negligent conduct. As Chief Judge Cardozo firmly put it in the *McFarlane* case:

"Not a little confusion runs through the reports as to the effect of contributory negligence upon liability for nuisance. Statements appropriate enough in their application to nuisances of one class have been thoughtlessly transferred to nuisances of another. There

has been forgetfulness at times that the forms of actions have been abolished, and that liability is dependent upon the facts and not upon the name. Confining ourselves now to the necessities of the case before us, we hold that whenever a nuisance has its origin in negligence, one may not avert the consequences of his own contributory negligence by affixing to the negligence of the wrongdoer the label of a nuisance. *Junkermann v. Tilyou Realty Co.,* 213 *N. Y.* 404, 408, 108 *N. E.* 190, *L. R. A.* 1915F, 700; *Uggla v. Brokaw,* 117 *App. Div.* 586, 591, 102 *N. Y. S.* 857; *Lusk v. Peck,* 132 *App. Div.* 426, 432, 116 *N. Y. S.* 1051; *Id.,* 199 *N. Y.* 546, 93 *N. E.* 377; *Hartman v. Lowenstein,* 90 *Misc.* 686, 689, 154 *N. Y. S.* 205. Very often the sufferer is at liberty to give to his complaint either one label or the other. It would be intolerable if the choice of a name were to condition liability. The snow or ice suffered by a municipality to remain upon the walk is one wrong, and one only, whatever the traveler may call it. *Williams v. City of New York,* 214 *N. Y.* 259, 108 *N. E.* 448."

In the instant matter the defendants are not charged with any willful or intentional harm or misconduct—they are charged with active wrongdoing which in the light of the circumstances may be translated into negligent acts of commission. That the plaintiff has called the active wrongdoing a nuisance should not enter into the matter. If there were no negligent acts of commission there is no responsibility to the plaintiff. If, however, there were such acts and they caused the injury and death, then the question arises as to whether the decedent himself exercised due care in the light of the circumstances; if he did not and his negligence proximately contributed to the injury and death, then the plaintiff is not entitled to recover.

The pleadings and pretrial order refer to assumption of risk as well as to contributory negligence. The former doctrine is not discussed in the briefs and would seem to have no independent bearing in the case before us. See *White v. Ellison Realty Corp.,* 5 *N. J.* 228, 235 (1950). *Cf. Hendrikson v. Koppers Co., Inc.,* 11 *N. J.* 600, 607 (1953); *Gudnestad v. Seaboard Coal Dock Co.,* 15 *N. J.* 210, 223 (1954); *Ford v. Reichert,* 23 *N. J.* 429 (1957); *Klinsky v. Hanson Van Winkle Munning Co.,* 38 *N. J. Super.* 439, 443 (*App. Div.* 1955), certification denied 20 *N. J.* 534 (1956); *Pona v. Boulevard Arena,* 35 *N. J. Super.*

148, 153 (*App. Div.* 1955), certification denied 19 *N. J.* 326 (1955); *Petrone v. Margolis,* 20 *N. J. Super.* 180, 185 (*App. Div.* 1952). The doctrine of assumption of risk has two major aspects. See *Harper and James, supra,* 1162; *Pona v. Boulevard Arena, supra. Cf. Prosser, supra,* 303. The first arises in cases where the plaintiff had exercised due care but the defendant had breached no duty or the plaintiff had expressly or impliedly consented to relieve the defendant of responsibility insofar as a known risk was concerned. *Pona v. Boulevard Arena, supra; Klinsky v. Hanson Van Winkle Munning Co., supra.* This aspect generally has no relation to the traveler along an open public highway who ordinarily assumes that it is safe and may continue thereon in spite of a known risk, provided such course is reasonably prudent. See *Seavey, supra,* 65 *Harv. L. Rev.,* at 994; *Harper and James, supra,* 1165; *Halpern v. Barbara Holding Corporation,* 5 *N. J. Super.* 87, 90 (*App. Div.* 1949). *Cf. Saco v. Hall,* 1 *N. J.* 377, 382 (1949). He must, of course, always exercise due care in the light of the pertinent circumstances; but this is the second aspect of the doctrine of assumption of risk and really adds little to contributory negligence—in the interests of clarity it might well be subsumed under the latter defense. Compare *Harper and James, supra,* 1162, 1191, with *Klinsky v. Hanson Van Winkle Munning Co., supra.*

Affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices HEHER, WACHENFELD, BURLING, JACOBS and WEINTRAUB—6.

*For reversal*—None.