Gloria J. Kenyon, Appellant-Respondent, *v.* Plastimold, Inc., Respondent. Shurgour & Bacon Construction Co., Inc., Respondent-Appellant.

Fourth Department, July 9, 1959.

*Edward N. Mills* (*Gannon & Gannon* of counsel), for appellant-respondent.

*Phelps, Gray, Mansour & Hewitt* (*Salem G. Mansour* of counsel), for respondent.

*Findlay, Argy, Hackett & Reid* (*Paul H. Reid, Jr.,* of counsel), for respondent-appellant.

*Per Curiam.* Plaintiff while driving her automobile on Route 31 near Middleport on a wet and rainy day skidded when attempting to pass another car, went off the road and struck a tree resulting in serious injury to herself. She sued defendant-respondent, Plastimold, Inc., and defendant-appellant, Shurgour & Bacon Construction Co. Inc., hereafter referred to as Shurgour & Bacon, claiming that the skidding was caused by mud deposited on the highway by trucks entering and leaving a construction job adjacent to the scene of the accident. The construction work was being done by Shurgour & Bacon in the erection of a building for occupancy by Plastimold, Inc. The jury returned a verdict against appellant Shurgour & Bacon and dismissed plaintiff's action as to respondent Plastimold, Inc. Shurgour & Bacon appeals from the judgment against it and from the order denying a new trial. Plaintiff also appeals from judgment dismissing her complaint against Plastimold, Inc.

There was evidence by a witness in the car which plaintiff was passing that plaintiff was traveling at 60 to 65 miles per hour on the wet road. Furthermore, the proof as to which defendant deposited the mud which plaintiff claims was upon the highway and as to the time when the mud was dropped is confusing and lacking in quality. There is also substantial

doubt whether plaintiff sustained the burden of proof of causal relationship between the alleged mud and the occurrence of the accident. It is not necessary, however, to speculate on the weight of plaintiff's proof for error in the court's charge makes a reversal and new trial necessary as to appellant Shurgour & Bacon. The jury's verdict in favor of Plastimold, Inc., should not be disturbed.

The complaint alleges two causes of action, the first asserting that "mud was wrongfully deposited on said highway as aforesaid by trucks, vehicles and machines owned by the defendants Plastimold, Inc., Shurgour & Bacon Construction Co., Inc." which was the proximate cause of the accident, and in the second cause of action that the depositing of the mud by the two defendants was wrongful and unlawful and attempts to spell out a cause of action for nuisance. The trial court charged: "In this complaint the plaintiff has set out two causes of action, one based upon negligence to which I have referred, and then a second cause of action on nuisance. They are different in the ultimate results, and nuisance is different from negligence in that if it is a nuisance *per se*, if the condition on this road was such that it was dangerous absolutely with the condition of the road and so forth, then the plaintiff can be relieved of contributory negligence." The court then further instructed the jury specifically as to the nuisance cause of action, in the following language: "On the question of nuisance, I have just repeated to you that if you find that this was created by one or both of these defendants so as to impose a restriction on the use of the highway to such an extent that it became dangerous *per se,* if you find this conclusion by a fair preponderance of evidence, then she should recover."

The law with regard to the defense of contributory negligence in negligently created nuisances, as distinguished from nuisances per se, has been definitely settled by two decisions of the Court of Appeals. In *McFarlane* v. *City of Niagara Falls* (247 N. Y. 340) the court distinguished a nuisance created by negligence, an act unlawful in origin but negligently done, from an absolute nuisance. Judge CARDOZO (pp. 344–345) wrote: "Confining ourselves now to the necessities of the case before us, we hold that whenever a nuisance has its origin in negligence, one may not avert the consequences of his own contributory negligence by affixing to the negligence of the wrongdoer the label of a nuisance." Similarly in *Delaney* v. *Philhern Realty Holding Co.* (280 N. Y. 461) the Court of Appeals followed the principle enunciated in *McFarlane* v. *City of Niagara Falls* (*supra*), and

which should have been followed in the charge of the court in the instant appeal, in the following statement (p. 465): " As to the kind of misconduct on the part of a plaintiff which bars recovery in an action based on negligence and one based on nuisance, a jury should be charged as follows: When the charge is want of due care or negligence, obviously any want of due care on the part of the plaintiff or negligence contributing to the happening, prevents recovery. When the complaint is nuisance, consideration must be given to the kind of nuisance, whether nuisance based on mere want of due care and thus arising out of negligence, or nuisance based on an act which is unlawful even if performed with due care. When the gravamen of the complaint is nuisance which arises out of negligence, then a jury should be charged that contributory negligence on the part of the plaintiff bars recovery."

Although there was considerable discussion about a possible violation of section 52 of the Highway Law with reference to the necessity of a permit to enter upon or construct any works in or upon a highway, in an effort by plaintiff to prove unlawful acts by the defendants amounting to nuisance per se, the proof falls far short of establishing this point. The Trial Justice did not mention section 52 in his charge and did not present it for the jury's consideration. If in fact a nuisance existed it was, from the proof in this record, the negligent depositing of mud upon the highway and under these circumstances plaintiff had the burden of proving herself free of contributory negligence. In the light of failure to properly cover this in the charge the judgment against Shurgour & Bacon should be reversed and a new trial had.

All concur. Present — KIMBALL, J. P., WILLIAMS, BASTOW, GOLDMAN and HALPERN, JJ.

Judgment and order as to defendant Shurgour & Bacon Construction Co., Inc., reversed on the law and facts and a new trial granted, with costs to defendant Shurgour & Bacon Construction Co., Inc., to abide the event, and judgment as to defendant Plastimold, Inc., affirmed, without costs.